■ STEVEN SPITZER, JR., Respondent, v 2166 BRONX PARK EAST CORPS. et al., Appellants. [726 NYS2d 639] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered March 1, 2001, which denied defendants' motion for summary judgment dismissing plaintiff's complaint or, alternatively, to strike the complaint for failure to timely disclose the existence of a witness, unanimously affirmed, without costs.

Defendants in this slip and fall case moved for summary judgment, asserting that plaintiff's testimony was insufficient to raise an issue as to whether they had notice of the alleged hazard. In opposition, plaintiff submitted an affidavit from his father stating that the muddy water and additional debris which plaintiff testified accumulated subsequent to his departure in the morning, had been on the stair for at least two hours during the period of time that defendant's employees purportedly inspected the building staircase. To prevail on a motion for summary judgment for lack of notice, defendants were required to make a prima facie showing which affirmatively established the absence of notice as a matter of law (*see, Fox v Kamal Corp.*, 271 AD2d 485). Here, the testimony of the purported building superintendent that he had inspected the stairways of the subject building twice on the day of the accident, along with plaintiff's evidence regarding the existence of muddy water and long-standing debris on the staircase raised an issue of fact as to whether the complained of condition had existed long enough for defendants to have discovered and remedied it (*see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837). It was a proper exercise of the motion court's discretion to consider plaintiff's evidence, while striking plaintiff's note of issue and giving defendants an opportunity to depose the witness. Preclusion is a drastic remedy and was properly denied absent any demonstration that plaintiff's conduct was willful and contumacious (*see, Hanson v City of New York*, 227 AD2d 217). Concur—Rosenberger, J. P., Williams, Wallach, Lerner and Friedman, JJ.