■ Ivy PEARSON, Respondent, v CITY OF NEW YORK et al., Appellants. [904 NYS2d 171]—

In an action, inter alia, to recover damages for wrongful death, the defendants appeal from an order of the Supreme Court, Kings County (Miller, J.), dated February 26, 2009, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Three police officers shot at and killed the plaintiff's decedent. The plaintiff commenced the instant action, inter alia, to recover damages for wrongful death, assault and battery, violation of 42 USC § 1983, and negligence. The plaintiff alleged that the decedent was shot several times by the police officers without reason or provocation. In support of their motion for summary judgment, the defendants submitted deposition testimony of the three police officers which established that the officers fired at the decedent in response to the decedent's firing a gun at them and at a group of bystanders. By establishing that the shooting was justified and that reasonable force was used by the police officers in response to the decedent's actions, the defendants established their prima facie entitlement to judgment as a matter of law (*see McCummings v New York City Tr. Auth.*, 81 NY2d 923 [1993]; *Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]; *Vizzari v Hernandez*, 1 AD3d 431 [2003]). In response, the plaintiff raised triable issues of fact sufficient to defeat the motion by submitting an autopsy report which established that the decedent had been shot four times, twice in the back, and an affidavit of a witness who was with the decedent on the night of the shooting and whose account of the incident contradicted the police officers' claims that the decedent had, or fired, a gun (*see Zuckerman v City of New York*, 49 NY2d at 563).

Contrary to the defendants' contention, the Supreme Court properly exercised its discretion in considering the witness's affidavit (*see Yax v Development Team, Inc.*, 67 AD3d 1003 [2009]; *Howard v Kennedy*, 60 AD3d 905 [2009]; *Spitzer v 2166 Bronx Park E. Corps.*, 284 AD2d 177 [2001]; *Sadler v Brown*, 108 AD2d 739 [1985]). Although the plaintiff failed to name the witness in

response to the defendants' discovery demands, the defendants had knowledge of his existence, since the plaintiff identified the witness, someone known to her only as "Quane," in her deposition testimony. Moreover, the plaintiff offered a valid excuse for her failure to disclose the witness's full name and address.

In addressing the prejudice claimed by the defendants in allowing the witness's affidavit to be considered in opposition to their motion for summary judgment, the Supreme Court did not improvidently exercise its discretion by precluding the witness from testifying at the trial of this matter unless he appeared for a deposition 30 days prior thereto (cf. Spitzer v 2166 Bronx Park E. Corps., 284 AD2d 177 [2001]). Fisher, J.P., Lott, Austin and Sgroi, JJ., concur.