■ INOCENCIA CRUZ, Appellant, v CITY OF NEW YORK, Respondent. [917 NYS2d 158]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered December 8, 2009, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's motion to strike the note of issue to allow further discovery, unanimously modified, on the law, defendant's motion denied, and plaintiff's motion granted to the extent of permitting post-note of issue discovery concerning two notice witnesses, and otherwise affirmed, without costs.

Plaintiff alleges that she was injured when she slipped and fell on a wet floor in the restroom of a public park. Defendant failed to satisfy its initial burden of showing prima facie that it lacked actual or constructive notice of the alleged hazard, since the testimony of defendant's park supervisor regarding general daily maintenance procedures failed to identify the last time the bathroom had been checked or cleaned before the accident occurred (*see Moser v BP/CG Ctr. I, LLC*, 56 AD3d 323 [2008]). Moreover, the park supervisor had no personal knowledge of the condition of the restroom at the time of the accident or during the hours immediately preceding it (*see Lebron v Napa Realty Corp.*, 65 AD3d 436 [2009]).

As plaintiff's failure to disclose witness affidavits prepared before the commencement of the action was the result of law office failure, and plaintiff referred to both witnesses in her General Municipal Law § 50-h examination, the witnesses' testimony need not be precluded, so long as defendant is afforded an op-

portunity to depose the witnesses before trial (*see Spitzer v 2166 Bronx Park E. Corps.*, 284 AD2d 177 [2001]; *Alabadla v New York City Tr. Auth.*, 276 AD2d 278 [2000]; *O'Callaghan v Walsh*, 211 AD2d 531 [1995]; 22 NYCRR 202.21 [d]). Concur—Andrias, J.P., Sweeny, Moskowitz, DeGrasse and Abdus-Salaam, JJ.