■ ALLSTATE INSURANCE COMPANY, as Subrogee of Gregory S. Oyen and Another, Respondent, v 8 WEST 65TH STREET CONDOMINIUM CORP. et al., Appellants, et al., Defendants. GREGORY S. OYEN et al., Respondents, v EPIC RESTORATION & RENOVATION, INC., et al., Defendants, and BOARD OF MANAGERS OF THE WEST 65TH CONDOMINIUM, Appellant. BORIS KOMAROV, Respondent, v GREGORY S. OYEN et al., Defendants, and 8 WEST 65TH STREET CONDOMINIUM et al., Appellants. (And Another Action.) [964 NYS2d 6]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered June 27, 2012, which denied the condominium defendants' motion to vacate Boris Komarov's note of issue and direct further discovery in his action, and denied the condominium defendants' motion to renew a prior order, same court and Justice, entered June 28, 2011, which, inter alia, denied their summary judgment motion insofar as it sought dismissal of Allstate Insurance Co.'s second cause of action, and of Gregory and Julie Oyen's third cause of action, unanimously modified, on the law, to vacate Komarov's note of issue and permit further discovery, and otherwise affirmed, without costs.

The Oyens' third cause of action, which was also sustained by the June 28, 2011 order, was no different from Allstate's second cause of action that was sustained by the order appealed. The Oyens' third cause of action alleged negligence by the condominium defendants in, among other things, failing to maintain, operate, and inspect the property, including in failing to ensure that the roof was in "suitable condition and repair to prevent

rain and the outside elements to intrude into the Premises" that caused the "development of mold." Both were properly sustained.

Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (e) permits the court to vacate the note of issue where good cause is shown. Good cause existed here, insofar as Komarov only first put the condominium on notice of certain damages that he allegedly incurred when he submitted opposition to the condominium's initial motion to dismiss after his note of issue was filed and discovery was essentially concluded (see Cruz v City of New York, 81 AD3d 505 [1st Dept 2011]; Spitzer v 2166 Bronx Park E. Corps., 284 AD2d 177 [1st Dept 2001]). Concur—Gonzalez, P.J., Friedman, Abdus-Salaam, Román and Clark, JJ.