Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about January 28, 2013, which, among other things, referred to a judicial hearing officer the issue of whether plaintiff Lisa Solbakken was entitled to certain disclosure, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion by directing defendants’ counsel, Ciampi, LLC, to submit certain communications in plaintiff Lisa Solbakken’s legal file for an in camera review and referring resolution of the discovery issue to a judicial hearing officer (see CDR Créances S.A.S. v Cohen, 77 AD3d 489, 491 [1st Dept 2010]; Veras Inv. Partners, LLC v Akin Gump Strauss Hauer & Feld LLP, 52 AD3d 370, 373 [1st Dept 2008]).
Although we only address the propriety of the in camera review, we note that communications between defendants Howard Kaplan, Michelle Rice, Solbakken, and Ciampi LLC, made during the course of Ciampi’s joint representation of them, fall within the scope of the attorney-client privilege because Kaplan, Rice, Solbakken, shared “a common interest” (American Reinsurance Co. v United States Fid. & Guar. Co., 40 AD3d 486, 490-491 [1st Dept 2007]; Finn v Morgan, 46 AD2d 229, 235 [4th Dept 1974]), and consulted Ciampi for their “mutual benefit” (Martin v Slifkin, 249 App Div 860, 860 [2d Dept 1937]).
Those communications are not privileged within the context of Solbakken’s adverse litigation against Kaplan and Rice (see Matter of McCormick, 287 AD2d 457 [2d Dept 2001]; Matter of Beiny [Weinberg], 129 AD2d 126, 139-140 [1st Dept 1987]; Goldberg v American Home Assur. Co., 80 AD2d 409, 413 [1st Dept 1981]; Matter of Friedman, 64 AD2d 70, 84 [2d Dept 1978]). However, those communications are privileged as against Solbakken’s co-plaintiffs, who were not clients being jointly represented by Ciampi (see Wallace v Wallace, 216 NY 28, 35-36 [1915]; Doheny v Lacy, 168 NY 213, 224 [1901]; Hurlburt v *503 Hurlburt, 128 NY 420, 424 [1891]; Root v Wright, 84 NY 72 [1881]; La Barge v La Barge, 284 App Div 996 [3d Dept 1954]; see also Restatement [Third] of Law Governing Lawyers § 75 [1]). “The privilege belongs to the client” and Solbakken cannot unilaterally waive it on defendants’ behalf so as to benefit her coplaintiffs (People v Osorio, 75 NY2d 80, 84 [1989]; see CPLR 3101 [b]; 4503 [a] [1]; Matter of Vanderbilt [Rosner — Hickey], 57 NY2d 66 [1982]). Concur — Tom, J.P., Friedman, Freedman and Feinman, JJ.