■ ARKIN KAPLAN RICE LLP et al., Respondents, v HOWARD KAPLAN et al., Appellants, et al., Nominal Defendant. [988 NYS2d 22]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered November 12, 2013, which granted plaintiff Lisa C. Solbakken's motion for, among other things, disclosure of a legal file maintained by a nonparty law firm (the Ciampi firm) in connection with a prior joint representation of the individual defendants and Solbakken, to the extent of ordering that the file shall be disclosed to Solbakken and may be used by her in the prosecution of her case against defendants and that any documents in the file on the specific subject addressed in emails dated March 29, 2012 and April 2, 2012 shall be disclosed to all of the plaintiffs, unanimously modified, on the law, to the extent of denying disclosure to plaintiff law firm and plaintiff Stanley S. Arkin of any documents in the file on the specific subject addressed in the email dated April 2, 2012, and the matter remanded to allow the IAS court to promulgate rules on

Solbakken's use of the privileged documents in the file so as to protect the attorney-client privilege, and otherwise affirmed, without costs.

The parties agree that, to the extent the attorney-client privilege has not been waived, the documents in the joint-representation file are privileged with respect to persons other than Solbakken and the individual defendants. The email dated April 2, 2012, which forwarded to Solbakken, defendant Howard Kaplan, and the Ciampi law firm an email from defendant Michelle Rice to a mediator, was a mere transmittal email that transmitted a third-party communication. Accordingly, the IAS court erred in implicitly finding that defendants' disclosure of the email waived the privilege with respect to any documents in the file pertaining to the specific subject matter addressed in the email (*see P. & B. Marina, L.P. v Logrande*, 136 FRD 50, 54 [ED NY 1991], *affd* 983 F2d 1047 [2d Cir 1992]; *Eisic Trading Corp. v Somerset Mar.*, 212 AD2d 451 [1st Dept 1995]). However, the email dated March 29, 2012, which revealed part of Solbakken's understanding of a call with the mediator and the information he relayed, was a privileged communication (*Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 378 [1991]). Therefore, the IAS court correctly held (albeit implicitly) that defendants' disclosure of that email waived the privilege with respect to any documents in the file pertaining to the subject matter of the email. Accordingly, Solbakken's coplaintiffs are entitled to only those documents in the file pertaining to the subject matter of the March 29, 2012 email.

This Court has already noted that the documents in the joint-representation file are not privileged as to Solbakken, and that she may use them in her litigation against the individual defendants (*Arkin Kaplan Rice LLP v Kaplan*, 107 AD3d 502, 502 [1st Dept 2013]). However, this Court also noted that the documents in the file are privileged as against Solbakken's coplaintiffs, who were not jointly represented by the Ciampi firm, and that she cannot unilaterally waive the privilege "so as to benefit her coplaintiffs" (*id.* at 502-503). Therefore, we remand to the IAS court to set forth guidelines and procedures for Solbakken's use in this litigation of the privileged documents in the file (i.e., those documents that do not pertain to the subject matter of the March 29, 2012 email) so as to protect the privilege. Concur—Tom, J.P., Friedman, Renwick, Gische and Clark, JJ.