■ REGINA DUME, Appellant, v CK-HP 1985 MARCUS AVENUE, LLC, et al., Respondents. (And a Third-Party Action.) [25 NYS3d 329]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), entered December 17, 2013, which granted the motion of the defendants CK-HP 1985 Marcus Avenue, LLC, and CLK Management Corp., and the separate motion of

the defendant Spanier Building Maintenance Co., Inc., for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Ulu v ITT Sheraton Corp.*, 27 AD3d 554, 554 [2006] [internal quotation marks omitted]). "To meet its initial burden on the issue of . . . constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]).

Here, on their respective motions, the defendants demonstrated their prima facie entitlement to judgment as a matter of law by showing that they neither created nor had actual or constructive knowledge of the wet condition on the stairs that allegedly caused the plaintiff's fall (*see Hernandez v New York City Hous. Auth.*, 116 AD3d 662 [2014]; *Armijos v Vrettos Realty Corp.*, 106 AD3d 847 [2013]; *Monte v T.J. Maxx*, 293 AD2d 722 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in considering the affidavit of Paul Smith, which was submitted by the defendants CK-HP 1985 Marcus Avenue, LLC, and CLK Management Corp. in support of their motion. Although those defendants failed to name Smith as a witness in their response to the plaintiff's discovery demands, it is evident that the plaintiff had knowledge of Smith's existence (*see Pearson v City of New York*, 74 AD3d 1160 [2010]; *see also Sadler v Brown*, 108 AD2d 739, 740 [1985]).

Accordingly, the Supreme Court properly granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against each of them. Dillon, J.P., Dickerson, Miller and Duffy, JJ., concur.