■ 21ST CENTURY DIAMOND, LLC, Plaintiff, v ALLFIELD TRADING, LLC, et al., Defendants. ALLFIELD TRADING, LLC, et al., Third-Party Plaintiffs-Respondents, v EXELCO NORTH AMERICA, INC., et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants. STERLING JEWELERS, INC., Nonparty Appellant. [38 NYS3d 151]—

Order, Supreme Court, New York County (Lawrence K. Marks, J.), entered November 2, 2015, which, to the extent appealed from, granted third-party plaintiffs' motion to compel nonparty Sterling Jewelers, Inc. (Sterling) to produce all documents claimed to be protected from disclosure by the common-interest privilege, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the matter remanded for further proceedings to determine whether the common-interest privilege applies to the documents as to which Sterling asserts privilege.

The motion court based its finding that the common-interest privilege had been waived on a poorly worded analogy—the import of which is not entirely clear—made in open court by nonparty appellant Sterling's former counsel, in addition to several other potentially misleading representations (most of which are not contained in the record before us). Although we agree with the motion court that Sterling's previous counsel's representations were potentially misleading, it appears that plaintiffs' counsel agreed to limit the subpoena to internal Sterling communications, all of which were produced and none of which were privileged. Further, although Sterling had signed

a common-interest agreement with defendant Exelco, Sterling was not a named defendant, and in that sense remained a neutral party. Even taken together, these representations do not "clear[ly], unmistakabl[y] and without ambiguity" express an intention to waive the privilege (*Matter of Professional Staff Congress-City Univ. of N.Y. v New York State Pub. Empl. Relations Bd.*, 7 NY3d 458, 465 [2006] [internal quotation marks omitted]; CPLR 4503 [a]). Moreover, Sterling could not unilaterally waive the joint privilege on behalf of third-party defendants-appellants, the other parties asserting it (*Arkin Kaplan Rice LLP v Kaplan*, 118 AD3d 492 [1st Dept 2014]).

Since any otherwise applicable common-interest privilege has not been waived, in light of the recent Court of Appeals decision clarifying the scope of the common-interest privilege (*Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 27 NY3d 616 [2016]) (which was issued after Supreme Court rendered its order), further proceedings are necessary to determine whether the common-interest privilege applies in the first instance to the documents as to which Sterling asserts privilege. In deciding the motion to compel, Supreme Court noted that a question of fact exists as to whether Sterling entered into the common-interest agreement with Exelco to protect its business relationship with Exelco (in which case the common-interest privilege would not apply under *Ambac*) or out of a reasonable concern that plaintiffs might decide to add Sterling as a defendant (in which case the common-interest privilege would apply under *Ambac*). Concur—Friedman, J.P., Sweeny, Webber and Gesmer, JJ.