21st Century Diamond, LLC v Allfield Trading, LLC (2018 NY Slip Op 05732)





21st Century Diamond, LLC v Allfield Trading, LLC


2018 NY Slip Op 05732


Decided on August 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 9, 2018

Friedman, J.P., Tom, Kapnick, Kahn, Kern, JJ.


6551N 650331/09

[*1] 21st Century Diamond, LLC, Plaintiff,
v
Allfield Trading, LLC, et al., Defendants. 
Allfield Trading, LLC, et al., Third-Party Plaintiffs-Respondents, 
Exelco North America, Inc., et al., Third-Party Defendants-Appellants. 
Sterling Jewelers, Inc., Nonparty Appellant.


Shelowitz Law Group PLLC, New York (Mitchell C. Shelowitz of counsel), for Exelco North America, Inc., FTK Worldwide Manufacturing, BVBA, Excelco International, Ltd., Jean Paul Tolkowsky, Fazal Chaudhri, Isidor, Inc. and Ori Levy, appellants.
LeClairRyan, New York (Joseph P. Paranac, Jr. of counsel), for Sterling Jewelers, Inc., appellant.
Judd Burstein, P.C., New York (Peter B. Schalk of counsel), for respondents.



Order, Supreme Court, New York County (Lawrence K. Marks, J.), entered August 2, 2017, which, insofar as appealed from, granted third-party plaintiffs' motion to compel nonparty Sterling Jewelers, Inc. to produce allegedly privileged documents and make its witnesses available for further depositions following such production, unanimously modified, on the law and the facts, to deny the motion except as to those documents as to which the claim of privilege has been withdrawn, as specified in Sterling's and third-party defendants' respective briefs, and otherwise affirmed, without costs.
The record supports the contention of third-party defendants and Sterling that they entered into a common-interest agreement "out of a reasonable concern that [third-party] plaintiffs might decide to add Sterling as a [third-party] defendant" (21st Century Diamond, LLC [*2]v Allfield Trading, LLC, 142 AD3d 913, 914 [1st Dept 2016]). Hence, the common-interest doctrine applies to protect otherwise privileged communications between these parties from disclosure (see id.).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 9, 2018
CLERK