U.S. Bank Natl. Assn. v Lightstone Holdings LLC (2021 NY Slip Op 04537)





U.S. Bank Natl. Assn. v Lightstone Holdings LLC


2021 NY Slip Op 04537


Decided on July 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 22, 2021

Before: Renwick, J.P., Kapnick, Kennedy, Mendez, JJ. 


Index No. 651951/10 Appeal No. 13779, M-739 Case No. 2020-02376 

[*1]U.S. Bank National Association, as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2007-ESH, acting by and through its Special Servicer, CWCapital Asset Management LLC, Plaintiff-Appellant,
v
Lightstone Holdings LLC et al., Defendants, Line Trust Corporation Ltd., et al., Defendants-Respondents. Cadwalader, Wickersham & Taft LLP, Nonparty Respondent. _ Real Estate Board of New York, and The Real Estate Roundtable, Amici Curiae.


Venable LLP, New York (Gregory A. Cross of counsel), for appellant.
Neuberger, Quinn, Gielen, Rubin & Gibber P.A., New York (Brian M. Boyle of counsel), for Line Trust Corporation LTD. and Deuce Properties LTD., respondents.
Morrison & Foerster LLP, New York (Adam J. Hunt of counsel), for Wells Fargo & Co. as successor-in-interest to Wachovia Bank, N.A., respondent.
Cole Schotz, PC, New York (Elizabeth Carbone of counsel), for Ashford Hospitality Finance LP, respondent.
Cadwalader, Wickersham & Taft LLP, New York (William J. Natbony of counsel), for Cadwalader, Wickersham & Taft LLP, respondent.
Troutman Pepper Hamilton Sanders, LLP, New York (Avi Schick of counsel), for Amici Curiae.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about March 10, 2020, which, to the extent appealed from as limited by the briefs, dismissed plaintiff's claims against defendants Line Trust Corp. Ltd., Deuce Properties Ltd., and Ashford Hospitality Finance LP, unanimously affirmed, without costs.
This action stems from a $7.4 billion loan from defendant Wachovia Bank, NA (succeeded by Wells Fargo) and nonparties Bear Stearns and Bank of America (the Original Lenders) to affiliates of defendants Lightstone Holdings LLC (Lightstone) and David Lichtenstein (Lichtenstein), entered into for the purpose of purchasing Extended Stay Hotels (ESH), a real-estate investment trust that held a portfolio of over 600 hotel properties. Of the $7.4 billion, $4.1 billion consisted of a "Senior Loan," which was secured by mortgages on the hotel chain's properties, and the remaining $3.3 billion consisted of 10 tranched mezzanine or "Junior Loans" (the ESH Transaction). The Original Lenders acted as the senior and junior lenders on the aggregate loan. Lightstone and Lichtenstein (the Guarantors) extended a $100 million capped guaranty for payment on the loans (the Guaranty Cap).
After the closing, the Original Lenders securitized their interests in the Senior Loan in a commercial mortgage-backed security trust, receiving in return certificates representing their interests in the Trust entity. Ultimately, the trust certificates were sold to other investors. Plaintiff here is the special servicer to the Trustee, acting on behalf of the present holders of the certificates, and thus acts on behalf of the current senior lender holders (the Senior Lender). The junior loans were sold off to various entities including, as relevant herein, to defendants Line Trust, Deuce, Wachovia and Ashford (the Junior Lenders).
On June 15, 2009, the borrowers filed for bankruptcy. The senior lender recovered the gross amount of $4,149,414,854.32, and the junior lenders were essentially wiped out. The junior lenders then sued the Guarantors, which actions were ultimately settled with the Guarantors paying the junior lenders certain amounts.
In the instant action, plaintiff (as Senior Lender) seeks to claw back settlement payments received by the remaining Junior Lender defendants in this action, alleging it has priority over them pursuant to the Intercreditor Agreement (the ICA), the document governing the relationship between the lenders in their respective capacities as debtholders under the senior and junior loans. Nonparty respondent Cadwalader Wickersham & Taft, LLP (Cadwalader) represented the Original Lenders in the ESH Transaction and drafted the ICA.
At the bench trial, the Junior Lenders relied on the testimony of the two Cadwalader attorneys who drafted the ICA, as well as Tony Fineman (Fineman), Wachovia's (as one of the Original Lenders) primary contact with respect to the ESH Transaction. The witnesses testified as to the meaning and [*2]intent of certain provisions of the ICA. At that time, and at various times prior to trial, plaintiff sought the production of Cadwalader documents that were protected by the attorney-client privilege. Plaintiff contended, as it does on appeal, that the Junior Lenders' reliance on counsel's testimony as to the meaning and intent of the ICA resulted in a subject matter waiver, requiring the production of privileged documents on the same topic. Supreme Court denied plaintiff's request and after the bench trial, dismissed the claims against the Junior Lenders, finding that the evidence established, by a preponderance of the evidence, that the parties intended to give priority over the Guaranty Cap to the Junior Lenders.
On appeal, plaintiff asks this Court to remand this matter for a new trial on the basis that it was entitled to the privileged Cadwalader documents.[FN1] We decline to do so and affirm.
Subject matter waiver of a privilege occurs when "a party affirmatively places the subject matter of its own privileged communication at issue in litigation, so that invasion of the privilege is required to determine the validity of a claim or defense of the party asserting the privilege, and application of the privilege would deprive the adversary of vital information" (Deutsche Bank Trust Co. of Ams. v Tri- Links Inv. Trust, 43 AD3d 56, 64 [1st Dept 2007]). The fact that privileged communications may contain information "relevant" to issues the parties are litigating does not, without more, place the contents of the privileged communication itself "at issue" (see Long Is. Light. Co. v Allianz Underwriters Ins. Co., 301 AD2d 23, 33 [1st Dept 2002]; see also Veras Inv. Partners, LLC v Akin Gump Strauss Hauer & Feld LLP, 52 AD3d 370, 372 [1st Dept 2008]).
Here, Ashford, Line Trust, and Deuce, as Junior Lenders, are not the holders of the privilege with Cadwalader. The Original Lenders are, which included Wachovia (which is a Junior Lender defendant herein), Bear Stearns and Bank of America. Thus, they did not place the "subject matter of its own privileged communication at issue in litigation" (Deutsche Bank Trust Co. of Ams., 43 AD3d at 64). Since they are not using theirattorney-client privilege as a sword, it cannot be said that plaintiff is deprived of "vital information" necessary to "determine the validity of a claim or defense of the party asserting the privilege" (id.).
Wachovia on the other hand, who is also a Junior Lender defendant in this action, is the holder of the privilege since it was also an Original Lender. Wachovia also relied on the testimony of the two Cadwalader attorneys concerning the Original Lenders' intent with respect to the ICA. In this regard, the trial court correctly held, after the deposition testimony of Fineman was read into the record, that the privilege, as held by Wachovia has been waived with respect to communications/documents between Fineman (acting on behalf of Wachovia) and counsel concerning the [*3]relevant provisions of the ICA.
Plaintiff's contention that Wachovia's reliance on counsel's testimony was enough to constitute a waiver as to all documents, and on behalf of all privilege-holders, is unavailing. Wachovia was not the only party that was represented by Cadwalader with respect to the original ESH Transaction. Bear Stearns and Bank of America are equal holders of the privilege since Cadwalader represented all the Original Lenders. Indeed, in at least one statement on the record, Cadwalader's counsel averred that Bank of America, a nonparty, would not consent to a waiver of any privilege. Contrary to plaintiff's contention, Wachovia could not unilaterally waive any privilege on behalf of the other privilege holders (see 21st Century Diamond, LLC v Allfield Trading, LLC, 142 AD3d 913, 914 [1st Dept 2016]; Arkin Kaplan Rice LLP v Kaplan, 118 AD3d 492, 493 [1st Dept 2014]; Arkin Kaplan Rice LLP v Kaplan, 107 AD3d 502, 503 [1st Dept 2013]).
To hold otherwise threatens the sanctity of the attorney-client privilege and would permit the unauthorized waiver of such without the consent of the actual party that possesses the privilege. Plaintiff's position that the documents were necessary and relevant to the issue of the parties' intent ignores the well-protected rights afforded privileged communications (see Dillenbeck v Hess, 73 NY2d 278, 289-290 [1989]).
We have considered the parties' remaining arguments and find them unavailing. M-739 U.S. Bank N.A. v Lightstone Holdings LLC
Motion for leave to file brief as amici curiae granted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 22, 2021



Footnotes

Footnote 1: The Guarantors also appealed from the post-trial decision to the extent that the lower court held the Guarantors had the burden in proving that there was a deficiency in the sums due to the Senior Lender under the loan. However, that appeal was withdrawn by stipulation.