Vikki-lynn A. v Zewin (2021 NY Slip Op 05412)





Vikki-lynn A. v Zewin


2021 NY Slip Op 05412


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


554 CA 20-00940

[*1]VIKKI-LYNN A., AS PARENT AND NATURAL GUARDIAN OF KAEDEN J.M., PLAINTIFF-APPELLANT,
v
JEFFREY M. ZEWIN, DEFENDANT-RESPONDENT, ET AL., DEFENDANTS. 






GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (CORY J. WEBER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Matthew J. Murphy, III, A.J.), entered July 14, 2020. The order granted the motion of defendant Jeffrey M. Zewin for summary judgment dismissing the complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint against defendant Jeffrey M. Zewin insofar as it asserts a cause of action for strict liability, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by her infant child when he was attacked by two Rottweilers harbored by tenants living in a house owned by Jeffrey M. Zewin (defendant). Defendant moved for summary judgment dismissing the complaint against him on the ground that he was not aware that dogs were kept on the property or that those dogs had vicious propensities. In opposition to the motion, plaintiff submitted, inter alia, the affidavits of two nonparty witnesses: Erica Davis and Terrance Cheetham. Supreme Court, however, precluded those affidavits as a remedy for plaintiff's failure to disclose them during discovery, and thus it did not consider them on the motion. The court determined that, absent those affidavits, plaintiff failed to raise a triable issue of fact, and it granted defendant's motion. Plaintiff appeals.
Preliminarily, we note that plaintiff does not address the dismissal of the complaint insofar as it asserts a cause of action for negligence, and we therefore deem any challenge to that part of the order abandoned (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). In any event, cases involving injuries inflicted by domestic animals may proceed only under a theory of strict liability, not on theories of common-law negligence (see Russell v Hunt, 158 AD3d 1184, 1185-1186 [4th Dept 2018]).
With respect to the merits, we agree with the court that the affidavit of Davis, insofar as it contained a party statement of defendant, should have been disclosed. CPLR 3101 (e) "enables a party to unconditionally obtain a copy of his or her own statement[,] creating an exception to the rule that material prepared for litigation is ordinarily not discoverable" (Sands v News Am. Publ., 161 AD2d 30, 40 [1st Dept 1990]). We nevertheless agree with plaintiff that the court abused its discretion in precluding Davis's affidavit from consideration in opposition to the motion (see generally Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 739 [2d Dept 2012]; Ronan v Northrup, 245 AD2d 1119, 1119 [4th Dept 1997]). Defendant knew of Davis as a person of interest, which is why counsel sought to depose her approximately four months prior to making the motion, and defendant did not seek the assistance of the court to compel Davis's production (see Dume v CK-HP 1985 Marcus Ave., LLC, 136 AD3d 860, 861 [2d Dept 2016]; Pearson v [*2]City of New York, 74 AD3d 1160, 1161-1162 [2d Dept 2010]). Inasmuch as plaintiff is not precluded from relying on Davis's affidavit to oppose summary judgment, Davis is not precluded from testifying at trial (cf. Fleming v Vassallo, 295 AD2d 172, 172 [1st Dept 2002]).
We also conclude that the court abused its discretion in precluding the Cheetham affidavit from consideration. Cheetham was listed as a witness in discovery and was deposed. Cheetham is not a party to this action, and his affidavit did not include any statements of a party. Even assuming that Cheetham's statement was discoverable, we note that defendant's discovery demands did not include a demand for nonparty witness statements. Assuming further that defendant's discovery demands could be read to include a request for the statement of a nonparty witness, i.e., Cheetham, we conclude that Cheetham's statement was conditionally privileged as material prepared in anticipation of litigation (see CPLR 3101 [d] [2]; Guzek v B & L Wholesale Supply, Inc., 126 AD3d 1506, 1508 [4th Dept 2015]; Salzer v Farm Family Life Ins. Co., 280 AD2d 844, 846-847 [3d Dept 2001]). Defendant would be unable to show any substantial need for Cheetham's statement inasmuch as Cheetham was deposed and therefore provided the substantial equivalent of the material contained in the statement (see Salzer, 280 AD2d at 847).
Even assuming, arguendo, that defendant met his initial burden on the motion by establishing that he had no notice that dogs were on the premises and no notice of vicious propensities (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Toher v Duchnycz, 172 AD3d 1894, 1895 [4th Dept 2019], lv denied 34 NY3d 908 [4th Dept 2020]), we further conclude that plaintiff's submissions, including the Davis and Cheetham affidavits, are sufficient to raise triable issues of fact whether defendant had notice that dogs were harbored at the premises, whether the dogs had vicious propensities, and whether defendant knew or should have known of those propensities (see Modafferi v DiMatteo, 177 AD3d 1413, 1414 [4th Dept 2019]; Pauszek v Waylett, 173 AD3d 1631, 1632 [4th Dept 2019]; Meka v Pufpaff, 167 AD3d 1547, 1547-1548 [4th Dept 2018]). We therefore modify the order accordingly.
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court