Flanders v Goodfellow (2023 NY Slip Op 02211)

Flanders v Goodfellow

2023 NY Slip Op 02211

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

217 CA 22-01292

[*1]REBECCA M. FLANDERS, PLAINTIFF-APPELLANT,
v
STEPHEN F. GOODFELLOW AND MICHELLE GOODFELLOW, DEFENDANTS-RESPONDENTS. 

WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
SANTACROSE, FRARY, TOMKO, DIAZ-ORDAZ & WHITING, BUFFALO (MICHAEL P. SCHUG OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered August 10, 2022. The order granted the motion of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff was delivering a package to defendants when one of defendants' dogs escaped from their house, jumped up, and bit plaintiff, injuring her shoulder. Plaintiff commenced this action to recover damages for her injuries, asserting causes of action for negligence and for strict liability. Plaintiff appeals from an order granting defendants' motion for summary judgment dismissing the complaint. We affirm.
It is well established that "the owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities" (Collier v Zambito, 1 NY3d 444, 446 [2004]). Such knowledge "may . . . be established by proof of prior acts of a similar kind of which the owner had notice" (id.). "Vicious propensities include the 'propensity to do any act that might endanger the safety of the persons and property of others in a given situation' " (id., quoting Dickson v McCoy, 39 NY 400, 403 [1868]; see Modafferi v DiMatteo, 177 AD3d 1413, 1414 [4th Dept 2019]). Thus, "an animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities—albeit only when such proclivity results in the injury giving rise to the lawsuit" (Collier, 1 NY3d at 447). "Such behaviors can include the animal being territorial, aggressively barking when [their] area [is] invaded, attacking another animal, growling and biting at another dog and jumping on individuals" (Grillo v Williams, 71 AD3d 1480, 1481 [4th Dept 2010] [internal quotation marks omitted]). Here, defendants met their burden on the motion with respect to the strict liability cause of action by demonstrating that they neither knew nor had reason to know of the dog's allegedly vicious propensities (see Spinosa v Beck, 77 AD3d 1426, 1426 [4th Dept 2010]) and plaintiff failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Further, inasmuch as cases involving harm caused by a domestic animal "may proceed only under a theory of strict liability, [and] not on theories of common-law negligence" (Vikki-Lynn A. v Zewin, 198 AD3d 1342, 1343 [4th Dept 2021]; see Russell v Hunt, 158 AD3d 1184, 1185-1186 [4th Dept 2018]), Supreme Court properly granted the motion with respect to the negligence cause of action.
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court