# All in 1 Spot with Theratalk, SLP, PT, OT, Psychology, PLLC v Noor Staffing Group, LLC

2024 NY Slip Op 31160(U)

April 5, 2024

Supreme Court, New York County

Docket Number: Index No. 652227/2019

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

ALL IN 1 SPOT WITH THERATALK, SLP, PT, OT, PSYCHOLOGY, PLLC, IRENE CHRISTOFOROU-GIOULES, MARIA PANAYIOTOU-MAMOUNAS

Plaintiffs,

- v -

NOOR STAFFING GROUP, LLC, HABIB NOOR, JACOB ELETTO,

Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652227/2019 |
| **MOTION DATE** | 12/15/2023 |
| **MOTION SEQ. NO.** | 005 |

**INTERIM DECISION +
ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 005) 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161

were read on this motion to       COMPEL DISCOVERY OR IN CAMERA REVIEW       .

Plaintiffs All in 1 SPOT with TheraTalk, SLP, PT, OT, Psychology, PLLC's, Irene

Christoforou-Gioules' ("Gioules"), and Maria Panayiotou-Mamounas' ("Mamounas")

(collectively the "All in 1 Parties") renewed motion to compel or, in the alternative, for an *in*

*camera* review, of documents withheld on the basis of the attorney-client privilege by

Defendants Noor Staffing Group, LLC ("Noor Staffing"), Habib Noor and Jacob Eletto (together

the "NSG Parties") is **granted in part** to the extent that the parties shall collectively submit a

representative sample of the documents for an *in camera* review.

**A. Background**

Gioules and Mamounas are the principals of All in 1 SPOT.  In 2016, Gioules and

Mamounas entered into an employment agreement with Noor Staffing that purportedly permitted

**652227/2019   ALL IN 1 SPOT WITH vs. NOOR STAFFING GROUP, LLC**
**Motion No.  005**

**Page 1 of 5**

them to simultaneously operate All in 1 SPOT. In 2017, All in 1 SPOT and Noor Staffing were both awarded contracts by the New York City Department of Education ("DOE").

The parties disagree about their respective rights to service the DOE contracts and have brought claims against each other. In 2018, Noor Staffing commenced an action against Gioules and Mamounas for breach of the employment agreement under Index No. 651459/2018 (the "2018 Action"). The All in 1 Parties subsequently filed this action against the NSG Parties, asserting breach of contract and employment related claims.

The All in 1 Parties move in both actions to compel production of documents, specifically emails, involving two attorneys, John Scully ("Scully") and Robert Shaw ("Shaw"). Mr. Scully served as Noor Staffing's human resources director at the time the employment agreement was entered and registered as Noor Staffing's in-house counsel in October 2017. Mr. Shaw served as Noor Staffing's outside counsel and was involved in drafting the employment agreement as well as in the business negotiations at issue in these cases.

The All in 1 Parties' first motion to compel was denied without prejudice for failure to comply with the Commercial Division Rules (*All in 1 Spot with Theratalk v Noor Staffing Group, LLC*, 2022 N.Y. Slip Op. 33862[U], [N.Y. Sup Ct, New York County 2022] [the "Prior Order"]). In an effort to avoid further motion practice, the Prior Order included guidance as to what aspects of the motion were likely to be granted, if properly filed (*id*).

Specifically, the Court indicated that the NSG Parties "should produce all communications predating October 2017 that were withheld by the NSG parties based on Scully's participation," "provide a more detailed privilege log," and "produce documents responsive to Requests 12 and 13" (*id*.). The Prior Order provides that "[o]nce NSG has produced a more detailed privilege log, and produced redacted documents (if any), the parties

**652227/2019 ALL IN 1 SPOT WITH vs. NOOR STAFFING GROUP, LLC**
**Motion No. 005**

**Page 2 of 5**

[* 2]

should meet and confer in good faith.  If disputes still remain, Plaintiffs may move to compel and Defendants should provide the disputed documents to the Court for in-camera review."

Following the issuance of the Prior Order, the parties conferred and NSG Parties supplemented their document production and served a Third Revised Privilege Log.  The Privilege Log references 463 documents that appear to include more than 4,000 pages.

The parties were unable to resolve their differences and submitted a joint Rule 14 letter (NYSCEF 112).  Despite numerous conferences with the Court's Principal Law Clerk, the parties could not agree on the scope of an *in camera* review.  While the All in 1 Parties represented that a limited *in camera* review would be sufficient to address the privilege issues, the NSG Parties "continue to take the position that in camera review is unnecessary and inappropriate here" (NYSCEF 146).  NSG Parties provided, and offered to continue to provide, clarifications as to specific documents (NYSCEF 157).

**B. Discussion**

While New York courts generally favor open and liberal discovery, "CPLR 4503(a) states that a privilege exists for confidential communications made between attorney and client in the course of professional employment, and CPLR 3101(b) vests privileged matter with absolute immunity" (*Spectrum Sys. Int'l Corp. v Chem. Bank*, 78 NY2d 371, 377 [1991]).  The burden of establishing that the attorney-client privilege applies is on the party asserting it (*id.*).

"The attorney-client privilege shields from disclosure any confidential communications between an attorney and his or her client made for the purpose of obtaining or facilitating legal advice in the course of a professional relationship" (*Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 27 NY3d 616, 623 [2016]).  In order for the privilege to apply, "the communication from attorney to client must be made 'for the purpose of facilitating the rendition of legal advice

**652227/2019   ALL IN 1 SPOT WITH vs. NOOR STAFFING GROUP, LLC**
**Motion No.  005**

Page 3 of 5

or services, in the course of a professional relationship'" (*Spectrum Sys. Intl. Corp.* at 377-378 quoting *Rossi v Blue Cross & Blue Shield of Greater NY*, 73 NY2d 588, 593 [1989]).

"Communications do not automatically obtain privilege status merely because they were created or communicated by an attorney. . .Only if the communications are transmitted in the course of professional employment, that convey a lawyer's assessment of the client's legal position, does the privilege apply" (*Brawer v Lepor*, 75 Misc 3d 1229(A) [Sup Ct New York County 2022] *citing id.*). The privilege cannot be used to shield "underlying facts" (*Spectrum Sys. Intl. Corp.* at 377 *citing Upjohn Co. v United States*, 449 US 383, 395-396 [1981]).

"[W]hether a particular document is or is not a protected is necessarily a fact-specific determination ... often requiring in camera review" (*Spectrum Sys. Intl. Corp.*, 78 NY2d at 378). The assessment can be particularly challenging when the relevant attorneys have "mixed business-legal responsibility." (*Rossi*, 73 NY2d at 592-593).

The Court cannot discern from the papers alone whether the withheld documents are privileged, as both Mr. Scully and Mr. Shaw appear to have provided both business and legal advice. In those circumstances, the Court has the discretion to direct an *in camera* review to assess claims of privilege (*Arkin Kaplan Rice LLP v Kaplan*, 107 AD3d 502, 502 [1st Dept 2013]). Given the volume of documents involved and the common issues raised, the Court directs that the All in One Parties and NSG Parties each select up to 25 documents for a total of up to 50 documents for *in camera* review.

Accordingly, it is

**ORDERED** that the All in 1 Parties' motion is **GRANTED IN PART** and the Court will conduct an *in camera* review of a representative sample of the withheld documents; it is further

**652227/2019  ALL IN 1 SPOT WITH vs. NOOR STAFFING GROUP, LLC**
**Motion No. 005**

**Page 4 of 5**

4 of 5

**ORDERED** that within fourteen (14) days of this order that the parties file a joint letter identifying the documents selected for an *in camera* review and that NSG Parties submit the sample to the Court via USB flash drive delivered to the Part 3 Clerk (Courtroom 208) or via email (SFC-Part3@nycourts.gov).

This constitutes the decision and order of the Court.

20240405135345JMCOHEN14B9A3CAD47444430A33CD6C0D55CF02B

| 4/5/2024 | JOEL M. COHEN, J.S.C. |
|----------|------------------------|
| DATE | |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|------------|--|---------------|--|--|---|------------------------|--|--|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

652227/2019   ALL IN 1 SPOT WITH vs. NOOR STAFFING GROUP, LLC
Motion No.  005

Page 5 of 5

5 of 5