Naramore v Mount Sinai Health Sys., Inc. (2026 NY Slip Op 00226)

Naramore v Mount Sinai Health Sys., Inc.

2026 NY Slip Op 00226

Decided on January 20, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 20, 2026

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Michael, Hagler, JJ. 

Index No. 152989/20|Appeal No. 4891|Case No. 2024-06864|

[*1]Anne B. Naramore, Plaintiff-Appellant,
vMount Sinai Health System, Inc., et al., Defendants-Respondents.

Kimm Law Firm, New York (Michael S. Kimm of counsel), for appellant.
Akerman LLP, New York (Rory J. McEvoy of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about October 18, 2024, which, to the extent appealed from, denied plaintiff's motion to strike defendants' answer and affirmative defenses, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying plaintiff's motion to strike defendants' pleadings (CPLR 3126; see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]; Han v New York City Tr. Auth., 169 AD3d 435, 435 [1st Dept 2019]). Defendants allege that since August 2024, they have produced more than 1,000 documents and that any delay in their production is attributable to their attempts to settle and to avoid unnecessary costs. In July 2024, defendants received an estimated cost of $2 million from their vendor to undertake the previously ordered electronically stored information (ESI) search. The record does not demonstrate that defendants' conduct was clearly willful and contumacious so as to warrant such a harsh sanction (see Spitzer v 2166 Bronx Park E. Corps., 284 AD2d 177, 177 [1st Dept 2001]). Nevertheless, defendants are reminded to comply with the motion court's multiple mandates, affirmed by this Court, to produce all outstanding non-privileged documents forthwith, and to put an end to the years' long discovery that has ensued in this case. Plaintiff's assertion that the court's October 2024 order contravened its prior order, entered July 3, 2023 and affirmed by this Court (227 AD3d 528 [1st Dept 2024]), is unavailing. Plaintiff argues that the October 2024 order improperly directed defendants to more narrowly produce outstanding "relevant" documents as opposed to all 724,633 "hits" generated from defendants' ESI search as required by the July 2023 order. However, the July 2023 order did not direct defendants to produce all 724,633 "hits" but rather directed defendants to "review" the documents and produce "any responsive non-privileged documents." Plainly, defendants' review of the documents would be unnecessary if they were supposed to produce all 724,633 ESI items. And the court's direction is explicitly limited to non-privileged documents. In short, the court's October 2024 order was consistent with its prior order and need not be disturbed.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 20, 2026