AAEB5 Fund 17, LLC v Duval & Stachenfeld, LLP (2026 NY Slip Op 01838)

AAEB5 Fund 17, LLC v Duval & Stachenfeld, LLP

2026 NY Slip Op 01838

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Kapnick, Higgitt, Rosado, JJ. 

Index No. 154345/23|Appeal No. 6221|Case No. 2025-06294|

[*1]AAEB5 Fund 17, LLC, et al., Respondents,
vDuval & Stachenfeld, LLP, et al., Appellants, John Does 1-10, Defendants.

Lewis Brisbois Bisgaard & Smith LLP, New York (Shawn Schatzle of counsel), for appellants.
Andrew Lavoott Bluestone, Southampton, for respondents.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about September 23, 2025, which, to the extent appealed from as limited by the briefs, denied defendants' motion to compel disclosure of communications between plaintiffs and successor counsel and successor counsel's legal file in a prior bankruptcy proceeding and related testimony, and denied defendants' motion to vacate the note of issue and to compel the aforementioned testimony, unanimously modified, on the law, to remand for further proceedings on defendants' motion to compel, and otherwise affirmed, without costs.
In this legal malpractice action, plaintiffs allege that defendants, as their former counsel, failed to timely file their proofs of claim in a bankruptcy matter. Defendants raised the affirmative defense that plaintiffs failed to mitigate their damages resulting from the alleged malpractice. During discovery, plaintiffs disclosed three email exchanges with their successor counsel in the bankruptcy proceeding and represented that they intended to rely on advice or work of successor counsel only to defend against the claim that they failed to mitigate defendants' mistake. However, plaintiffs declined to produce any other privileged communications or work product involving their successor counsel.
The parties met and conferred to address defendants' position that plaintiffs waived the attorney-client privilege over their successor counsel's communications and work product. The parties then filed a joint letter requesting a discovery conference and an extension of time to complete discovery, and to file the note of issue. In a July 10, 2025 compliance conference order, the court rejected the parties' request to extend the note of issue deadline, stated that any discovery which was not completed by July 18 would be deemed "waived," and ordered all depositions to be completed by July 31, 2025. Plaintiffs filed the note of issue by the original deadline set by the motion court. Defendants moved to vacate the note of issue based on the outstanding privilege dispute and an upcoming deposition. The court denied defendants' motion but did not directly address the merits of the parties' privilege dispute.
The court providently exercised its discretion in denying defendants' motion to vacate the note of issue (see Tatis v Triborough Constr. Servs., Inc., 214 AD3d 467-468 [1st Dept 2023]). Nevertheless, we remand this case for limited post-note of issue discovery on the privileged communications and documents involving successor counsel, discussed below (Cruz v City of New York, 81 AD3d 505, 505 [1st Dept 2011]). Prior to the court's July 2025 order, the court never set a deadline for document discovery or informed the parties that a failure to meet court-ordered discovery deadlines would result in any documents that had not been produced being deemed waived. In addition, there was an outstanding dispute as to whether additional privileged discovery had to be produced when the note of issue was filed.
As for defendants' motion to compel, an "at issue" waiver of privilege occurs when the party asserting the attorney-client privilege or work product protection has raised a claim or defense that the party "intends to prove by use of the privileged materials" (Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust, 43 AD3d 56, 64 [1st Dept 2007] [internal quotation marks omitted]). As an initial matter, we reject defendants' contention that plaintiffs' assertion of the attorney-client privilege as to communications with defendants in the bankruptcy proceeding was an affirmative act that placed communications with successor counsel "at issue" in this action (see 2138747 Ontario Inc. v Lehman Bros. Holdings, Inc., 210 AD3d 412, 413 [1st Dept 2022]). However, plaintiffs have not plainly demonstrated that they do not intend to rely on successor counsel's specific advice or work product to show that they made reasonable efforts to mitigate their damages, and the matter should be remanded to determine this issue.
Further, plaintiffs may have waived the attorney-client privilege as to successor counsel's advice that is "at issue" in this action by disclosing three email exchanges with successor counsel during discovery (see Orco Bank v Proteinas Del Pacifico, 179 AD2d 390, 390 [1st Dept 1992]). We note that plaintiffs, as the parties asserting the privilege, failed to show that the privilege was not waived as to the disclosed emails (see New York Times Newspaper Div. of N.Y. Times Co. v Lehrer McGovern Bovis, 300 AD2d 169, 172 [1st Dept 2002]). Accordingly, upon remand, the court should determine whether plaintiffs intend to rely on the advice reflected in the three disclosed emails and whether the disclosure waived plaintiffs' attorney-client privilege as to other communications or documents in the legal file that relate to plaintiffs' mitigation of damages (see Siras Partners LLC v Activity Kuafu Hudson Yards LLC, 157 AD3d 445, 446 [1st Dept 2018]; Arkin Kaplan Rice LLP v Kaplan, 118 AD3d 492, 493 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026