# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1212**
**CA 12-00630**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

WELLS FARGO BANK, N.A., PLAINTIFF,

V                                                                MEMORANDUM AND ORDER

ALI A. ZAHRAN, ALSO KNOWN AS ALI ZAHRAN,
DEFENDANT.
-------------------------------------------------
ALI A. ZAHRAN, ALSO KNOWN AS ALI ZAHRAN,
THIRD-PARTY PLAINTIFF-RESPONDENT,

V

MICHAEL VISCOME, ET AL., THIRD-PARTY DEFENDANTS,
AND RUPP, BAASE, PFALZGRAF, CUNNINGHAM &
COPPOLA, LLC, THIRD-PARTY DEFENDANT-APPELLANT.

---

MARK R. UBA, WILLIAMSVILLE, FOR THIRD-PARTY DEFENDANT-APPELLANT.

MYERS, QUINN & SCHWARTZ, LLP, WILLIAMSVILLE (JAMES I. MYERS OF
COUNSEL), FOR THIRD-PARTY PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Timothy
J. Walker, A.J.), entered June 28, 2011. The order, insofar as
appealed from, denied in part the motion of third-party defendant
Rupp, Baase, Pfalzgraf, Cunningham & Coppola, LLC to dismiss the
third-party complaint.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the motion is granted
in its entirety and the third-party complaint against third-party
defendant Rupp, Baase, Pfalzgraf, Cunningham & Coppola, LLC is
dismissed.

Memorandum: Third-party defendant Rupp, Baase, Pfalzgraf,
Cunningham & Coppola, LLC (Rupp Baase) appeals from an order denying
those parts of its motion to dismiss the second and fifth causes of
action in the third-party complaint against it. Rupp Baase moved for
dismissal of the third-party complaint against it based on documentary
evidence, i.e., the retainer agreement between defendant-third-party
plaintiff (defendant) and Rupp Baase, and the failure to state a cause
of action (*see* CPLR 3211 [a] [1], [7]). We agree with Rupp Baase that
the retainer agreement constitutes documentary evidence and
" 'resolves all factual issues as a matter of law, and conclusively
disposes of the [defendant's] claim[s]' " against it, including the

claim in the fifth cause of action for malpractice (*Fortis Fin. Servs. v Fimat Futures USA*, 290 AD2d 383, 383; *see Leon v Martinez*, 84 NY2d 83, 88).  Additionally, we agree with Rupp Baase that the fraud claim against it arises from the same set of facts as the claim in the fifth cause of action for malpractice and does not allege distinct damages, and thus the fraud claim against it must be dismissed for failure to state a cause of action as well (*see Sitar v Sitar*, 50 AD3d 667, 670; *Iannucci v Kucker & Bruh, LLP*, 42 AD3d 436, 436-437).  Finally, the claim for punitive damages should be dismissed, because defendant "failed to allege conduct that was directed to the general public or that evinced the requisite high degree of moral turpitude or wanton dishonesty" (*Englert v Schaffer*, 61 AD3d 1362, 1363 [internal quotation marks omitted]).

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court