# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**932**

**CA 15-00356**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THOMAS O. FITZGERALD, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SMS/800, INC., DEFENDANT-APPELLANT.

---

LITTLER MENDELSON, P.C., ROCHESTER (IVAN NOVICH OF COUNSEL), FOR DEFENDANT-APPELLANT.

HARTER SECREST & EMERY LLP, ROCHESTER (JEFFREY J. CALABRESE OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered May 15, 2014. The order denied defendant's motion to, inter alia, dismiss the amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion seeking dismissal of the second cause of action insofar as it seeks a declaration, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action following his termination as President and Chief Executive Officer of defendant. In the original complaint, plaintiff alleged a single cause of action for breach of the parties' employment agreement (Agreement). Defendant moved to dismiss the complaint or stay the action pending arbitration based upon the arbitration provision of the Agreement. Supreme Court denied the motion. Plaintiff amended the complaint to add three causes of action, and defendant moved for leave to renew its motion to dismiss the breach of contract cause of action based upon evidence relating to the negotiation of the Agreement. Defendant also sought to dismiss the three causes of action added in the amended complaint and to compel arbitration. The court's denial of that second motion (hereafter, motion) is the subject of this appeal.

The court properly denied that part of the motion seeking leave to renew inasmuch as defendant failed to provide a reasonable justification for its failure to present facts relating to the negotiation of the Agreement in support of the original motion (*see* CPLR 2221 [e] [3]; *Robinson v Consolidated Rail Corp.*, 8 AD3d 1080, 1080). Further, defendant's submissions in support of renewal were not "new facts . . . that would change the prior determination" (CPLR 2221 [e] [2]; *see People ex rel. Seals v New York State Dept. of Corr. Servs.*, 32 AD3d 1262, 1263).

With respect to that part of the motion seeking dismissal of the causes of action added in the amended complaint, we agree with defendant that the second cause of action, insofar as it seeks declaratory relief, is duplicative of the breach of contract cause of action (*see Apple Records v Capital Records*, 137 AD2d 50, 54). We therefore modify the order by dismissing that part of the second cause of action. Contrary to defendant's further contention, however, we conclude that the court properly denied that part of the motion seeking dismissal of the second cause of action insofar as it seeks specific performance of the Agreement. Although under the law of Delaware, which governs the interpretation of the Agreement, contracts for personal services generally will not be specifically enforced (*see Northern Delaware Indus. Dev. Corp. v E.W. Bliss Co.*, 245 A2d 431, 434 [Del Ch]), plaintiff has asserted a claim for specific performance sufficient to survive defendant's motion to dismiss (*see generally NAMA Holdings, LLC v Related World Mkt. Ctr., LLC*, 922 A2d 417, 437-438 [Del Ch]). In addition, accepting the facts alleged in the amended complaint to be true and affording plaintiff the benefit of every favorable inference (*see J.P. Morgan Sec. Inc. v Vigilant Ins. Co.*, 21 NY3d 324, 334), we conclude that the court properly denied that part of the motion seeking dismissal of the causes of action alleging defamation (*see Kamchi v Weissman*, 125 AD3d 142, 157-159), and seeking injunctive relief (*see Elow v Svenningsen*, 58 AD3d 674, 675).

Finally, we conclude that the court properly denied that part of the motion seeking to compel arbitration. Although the Agreement contains a provision reflecting the parties' intention to arbitrate, it also makes repeated references to courts and judicial remedies. We agree with plaintiff, therefore, that if the parties intended to arbitrate all of their disputes, the references to judicial intervention in the Agreement "either mean[] nothing or mislead[]" (*Kuhn Constr., Inc. v Diamond State Port Corp.*, 990 A2d 393, 397 [Del]). Thus, the court properly declined to enforce the Agreement inasmuch as it "unclearly or ambiguously reflects the intention to arbitrate" (*id.* at 396).

Entered: October 2, 2015                              Frances E. Cafarell
                                                      Clerk of the Court