Christian v Brookdale Senior Living Communities, Inc. (2021 NY Slip Op 06497)





Christian v Brookdale Senior Living Communities, Inc.


2021 NY Slip Op 06497


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


828 CA 21-00304

[*1]GLENDA S. CHRISTIAN, PLAINTIFF-RESPONDENT,
v
BROOKDALE SENIOR LIVING COMMUNITIES, INC., ET AL. DEFENDANTS, AND THOMAS KAPINOS, JR., DOING BUSINESS AS PRECISION FLOORING, DEFENDANT-APPELLANT. 






KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (RICHARD T. SARAF OF COUNSEL), FOR DEFENDANT-APPELLANT.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered August 28, 2020. The order, insofar as appealed from, denied the motion of defendant Thomas Kapinos, Jr., doing business as Precision Flooring, for leave to serve an amended answer. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she purportedly sustained as a result of a trip and fall accident occurring in a nursing home where she was working as a licensed practical nurse. Thomas Kapinos, Jr., doing business as Precision Flooring (defendant) thereafter moved for leave to serve an amended answer that would add an affirmative defense and counterclaim alleging that, "[u]pon information and belief, plaintiff's filing of this lawsuit was frivolous, given the lack of merit based on the underlying facts of the claim, and . . . plaintiff's fraud and related misconduct with respect to the same. Further, based on same, defendant requests sanctions, costs and disbursement for this action." Defendant now appeals from that part of an order denying his motion. We affirm.
"Although leave to amend a pleading should be freely granted (see CPLR 3025 [b]), it may be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (Matter of DeCarr v Zoning Bd. of Appeals for Town of Verona, 154 AD3d 1311, 1314 [4th Dept 2017] [internal quotation marks omitted]; see Pink v Ricci, 100 AD3d 1446, 1448-1449 [4th Dept 2012]; J.K. Tobin Constr. Co., Inc. v David J. Hardy Constr. Co., Inc., 64 AD3d 1206, 1209 [4th Dept 2009]), and "the decision whether to grant leave to amend a [pleading] is committed to the sound discretion of the court" (Pink, 100 AD3d at 1449 [internal quotation marks omitted]; see Duszynski v Allstate Ins. Co., 107 AD3d 1448, 1449 [4th Dept 2013]; Carro v Lyons Falls Pulp & Paper, Inc., 56 AD3d 1276, 1277 [4th Dept 2008]). Here, we conclude that Supreme Court did not abuse its discretion in declining to grant leave to amend the answer inasmuch as the proposed amendment is palpably insufficient or patently devoid of merit.
Indeed, there is no legal basis for the proposed counterclaim insofar as it sought damages as sanctions for allegedly frivolous conduct because "New York does not recognize a separate cause of action or counterclaim seeking the imposition of sanctions" (Adirondack Bank v Midstate Foam & Equip., Inc., 159 AD3d 1354, 1357 [4th Dept 2018]; see generally Young v Crosby, 87 AD3d 1308, 1309 [4th Dept 2011]; Schwartz v Sayah, 72 AD3d 790, 792 [2d Dept 2010]).
We conclude that the proposed defense and counterclaim for fraud is palpably insufficient [*2]inasmuch as CPLR 3016 (b) requires that, where a defense or counterclaim is based on fraud, "the circumstances constituting the wrong shall be stated in detail," and here the alleged fraud was not pleaded with sufficient specificity (see Ibarrondo v Evans, 191 AD3d 602, 603 [1st Dept 2021]; see generally Friedland Realty, Inc. v 416 W, LLC, 120 AD3d 1185, 1187 [2d Dept 2014]; Nicholas A. Cutaia, Inc. v Buyer's Bazaar, 224 AD2d 952, 953 [4th Dept 1996]). In any event, the record here established that the defense and counterclaim for fraud were also "patently devoid of merit" (DeCarr, 154 AD3d at 1314 [internal quotation marks omitted]).
Defendant's remaining contentions are academic in light of our determination.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court