Brown v Erie Ins. Co. (2022 NY Slip Op 04459)

Brown v Erie Ins. Co.

2022 NY Slip Op 04459

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND WINSLOW, JJ.

361 CA 21-01457

[*1]MARIE BROWN, PLAINTIFF-RESPONDENT,
v
ERIE INSURANCE COMPANY, DEFENDANT-APPELLANT. 

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (CORY J. WEBER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SMALL LAW FIRM, BUFFALO (BRIAN J. ALTERIO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Dennis E. Ward, J.), entered October 5, 2021. The order, insofar as appealed from, denied the motion of defendant insofar as it sought to dismiss the second cause of action and granted the cross motion of plaintiff for leave to amend the complaint with respect to that cause of action. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety, the second cause of action is dismissed, and the cross motion is denied.
Memorandum: Plaintiff commenced this action seeking, among other things, to collect supplemental uninsured/underinsured motorist (SUM) benefits under an insurance policy issued by defendant. On appeal, defendant contends that Supreme Court erred in denying its motion insofar as it sought dismissal of the cause of action in plaintiff's complaint alleging breach of the implied covenant of good faith and fair dealing and granting plaintiff's cross motion for leave to amend the complaint with respect to that cause of action. We agree.
"In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance" (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [2002]; see New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [1995]). That covenant "embraces a pledge that 'neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract' " (Dalton v Educational Testing Serv., 87 NY2d 384, 389 [1995], quoting Kirke La Shelle Co. v Armstrong Co., 263 NY 79, 87 [1933]; see Paramax Corp. v VoIP Supply, LLC, 175 AD3d 939, 940 [4th Dept 2019]; Gutierrez v Government Empls. Ins. Co., 136 AD3d 975, 976 [2d Dept 2016]). "While the duties of good faith and fair dealing do not imply obligations 'inconsistent with other terms of the contractual relationship' . . . , they do encompass 'any promises which a reasonable person in the position of the promisee would be justified in understanding were included' " (511 W. 232nd Owners Corp., 98 NY2d at 153; see New York Univ., 87 NY2d at 318). "Even if a party is not in breach of its express contractual obligations, it may be in breach of the implied duty of good faith and fair dealing . . . when it exercises a contractual right as part of a scheme to realize gains that the contract implicitly denies or to deprive the other party of the fruit [or benefit] of its bargain" (Paramax Corp., 175 AD3d at 940-941 [internal quotation marks omitted]). Thus, a cause of action for breach of the implied duty of good faith and fair dealing "is not necessarily duplicative of a cause of action alleging breach of contract" (Gutierrez, 136 AD3d at 976).
In the context of insurance contracts specifically, the implied covenant of good faith and fair dealing includes a duty on the part of the insurer " 'to investigate in good faith and pay covered claims' " (Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 194 [2008], rearg denied 10 NY3d 890 [2008], quoting New York Univ., 87 NY2d at 318; see [*2]Gutierrez, 136 AD3d at 976). "Breach of that duty can result in recoverable consequential damages, which may exceed the limits of the policy" (Tiffany Tower Condominium, LLC v Insurance Co. of the Greater N.Y., 164 AD3d 860, 862 [2d Dept 2018]; see Bi-Economy Mkt., Inc., 10 NY3d at 192-193; Panasia Estates, Inc. v Hudson Ins. Co., 10 NY3d 200, 203 [2008]). "[I]n order to establish a prima facie case of bad faith, the plaintiff must establish that the insurer's conduct constituted a 'gross disregard' of the insured's interests—that is, a deliberate or reckless failure to place on equal footing the interests of [the] insured with [the] insurer's own interests" (Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d 445, 453 [1993], rearg denied 83 NY2d 779 [1994]; see Miller v Allstate Indem. Co., 132 AD3d 1306, 1307-1308 [4th Dept 2015]; Jonas v New York Cent. Mut. Fire Ins. Co., 244 AD2d 916, 917 [4th Dept 1997]).
Based on the foregoing principles, where "the cause of action to recover damages for breach of the policy and the cause of action to recover damages for breach of the implied covenant of good faith and fair dealing allege different conduct on the part of the defendant and seek different categories and/or types of damages, the cause of action seeking damages for breach of the implied covenant of good faith and fair dealing should not be dismissed as 'duplicative' of the cause of action alleging breach of contract" (East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 199 AD3d 881, 885 [2d Dept 2021]). Here, however, the allegations in plaintiff's complaint that defendant violated its duty of good faith and fair dealing are predicated solely upon the claim that defendant failed or refused to pay her the full amount of SUM coverage under the insurance policy, i.e., that defendant had breached the terms of the policy. Consequently, plaintiff failed to state a cause of action for breach of the implied duty of good faith and fair dealing (see generally CPLR 3211 [a] [7]), and the court should have granted defendant's motion insofar as it sought to dismiss that cause of action as duplicative of the breach of contract cause of action (see Sue/Perior Concrete & Paving, Inc. v Lewiston Golf Course Corp., 109 AD3d 80, 92 [4th Dept 2013], affd 24 NY3d 538 [2014], rearg denied 25 NY3d 960 [2015]; see also Paull v First UNUM Life Ins. Co., 295 AD2d 982, 984 [4th Dept 2002]; cf. East Ramapo Cent. Sch. Dist., 199 AD3d at 885; see generally New York Univ., 87 NY2d at 319-320).
In addition, the court abused its discretion in granting plaintiff's cross motion for leave to amend the complaint with respect to the cause of action alleging breach of the implied duty of good faith and fair dealing. "Although leave to amend a pleading should be freely granted absent prejudice or surprise . . . , leave to amend should be denied where . . . the proposed amendment is patently lacking in merit" (Baker v Keller, 241 AD2d 947, 947 [4th Dept 1997]; see Christian v Brookdale Senior Living Communities, Inc., 199 AD3d 1450, 1451 [4th Dept 2021]; Armstrong v Merrick, 99 AD3d 1247, 1247 [4th Dept 2012]; see generally CPLR 3025 [b]; Davis v South Nassau Communities Hosp., 26 NY3d 563, 580 [2015]). In accordance with that standard, "[a] court should not examine the merits or legal sufficiency of the proposed amendment unless the proposed pleading is clearly and patently insufficient on its face" (Landers v CSX Transp., Inc., 70 AD3d 1326, 1327 [4th Dept 2010] [internal quotation marks omitted]; see Great Lakes Motor Corp. v Johnson, 156 AD3d 1369, 1370-1371 [4th Dept 2017]; Putrelo Constr. Co. v Town of Marcy, 137 AD3d 1591, 1593 [4th Dept 2016]; Holst v Liberatore, 105 AD3d 1374, 1374 [4th Dept 2013]). "[T]he decision whether to grant leave to amend a complaint is committed to the sound discretion of the court" (Davis, 26 NY3d at 580 [internal quotation marks omitted]; see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]).
Here, while there is no prejudice or surprise to defendant flowing from the proposed amendment (see Greco v Grande, 160 AD3d 1345, 1346 [4th Dept 2018]), the proposed amendment is nonetheless palpably insufficient or devoid of merit (see Christian, 199 AD3d at 1451). The gravamen of the relevant cause of action in the proposed amended complaint is that defendant, during arbitration, unreasonably delayed the adjudication of her claim by failing to promptly provide a full copy of the policy until after the completion of an examination under oath (EUO) and a request by defendant for medical examinations of plaintiff, thereby causing the continuation of an arbitration that was not "allowed" by the policy and unspecified consequential damages to plaintiff.
As defendant correctly contends, however, the proposed amended complaint and plaintiff's own submissions establish that plaintiff demanded arbitration and, once the parties were in arbitration, there was no bad faith on the part of defendant in seeking to obtain a full copy of the policy inasmuch as defendant made continued efforts in that regard and the parties [*3]agreed that it was not industry practice for the full policy to be produced in arbitration (cf. East Ramapo Cent. Sch. Dist., 199 AD3d at 884-885). Plaintiff's allegation that she suffered consequential damages on account of the EUO being conducted and the medical examinations being requested prior to the production of the full policy is likewise devoid of merit inasmuch as any delay in producing the full policy could not have proximately caused damage to plaintiff given that she would have been subject to an EUO and medical examinations regardless of whether the parties continued with arbitration or promptly moved to litigation (see generally Lefkara Group, LLC v First Am. Intl. Bank, 150 AD3d 450, 451 [1st Dept 2017], lv denied 29 NY3d 916 [2017]; Rodriguez v Metropolitan Prop. & Cas. Ins. Co., 7 AD3d 775, 776 [2d Dept 2004]). Plaintiff's proposed allegation that the policy did not allow her claim for SUM benefits to be resolved by way of arbitration is patently lacking in merit because plaintiff's own submissions demonstrate that, while the policy did not mandate arbitration, it did not prohibit arbitration either, and the parties were afforded the option of continuing with that process. The record further demonstrates that, contrary to plaintiff's proposed allegations, defendant, even while asserting its rights under the policy, continued to proceed with an investigation of plaintiff's claim (see generally Phoenix Capital Invs. LLC v Ellington Mgt. Group, L.L.C., 51 AD3d 549, 550 [1st Dept 2008]). Finally, after the full copy of the policy was produced and it was discovered that arbitration was not mandated, plaintiff provided defendant with a list of reasons why litigation might be more favorable to her and indicated that she was contemplating opting out of arbitration. Therefore, as defendant correctly contends, it was plaintiff who first raised the prospect of moving to litigation for her benefit, thereby refuting her proposed allegation that the termination of arbitration constituted bad faith or unfair dealing. Based on the foregoing, we conclude that the proposed amendment was palpably insufficient or devoid of merit.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court