Brooks v City of Buffalo (2022 NY Slip Op 05629)

Brooks v City of Buffalo

2022 NY Slip Op 05629

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, WINSLOW, AND BANNISTER, JJ.

668 CA 21-00841

[*1]SERGIO BROOKS, PLAINTIFF-RESPONDENT,
v
CITY OF BUFFALO, AND CITY OF BUFFALO POLICE OFFICER JOHN DOE, DEFENDANTS-APPELLANTS. 

CAVETTE A. CHAMBERS, ACTING CORPORATION COUNSEL, BUFFALO (DANIEL MUSCARELLA OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
THE LAW OFFICES OF MATTHEW ALBERT, ESQ., DARIEN CENTER (MATTHEW ALBERT OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered April 16, 2021. The order granted plaintiff's motion to amend his complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this personal injury action against the City of Buffalo (City) and then-unidentified City of Buffalo Police Officer John Doe (collectively, defendants), based on plaintiff's allegations that the officer injured him and violated his constitutional rights during an unlawful stop and frisk. After limited discovery, plaintiff moved to amend the complaint to add two named police officers and the City of Buffalo Police Commissioner (Commissioner) as defendants, and to add a cause of action based on 42 USC § 1983 against the Commissioner and the City. Defendants appeal from an order insofar as it granted the motion with respect to the Commissioner and the new cause of action. We affirm.
It is well settled that, "[a]lthough leave to amend a pleading should be freely granted (see CPLR 3025 [b]), it may be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (Matter of DeCarr v Zoning Bd. of Appeals for Town of Verona, 154 AD3d 1311, 1314 [4th Dept 2017] [internal quotation marks omitted]; see Davis v South Nassau Communities Hosp., 26 NY3d 563, 580 [2015]; Landco H & L, Inc. v 377 Main Realty, Inc., 203 AD3d 1601, 1602-1603 [4th Dept 2022]). Additionally, it is equally well settled that "the decision whether to grant leave to amend a [pleading] is committed to the sound discretion of the court" (Pink v Ricci, 100 AD3d 1446, 1448 [4th Dept 2012] [internal quotation marks omitted]; see Christian v Brookdale Senior Living Communities, Inc., 199 AD3d 1450, 1451 [4th Dept 2021]; Duszynski v Allstate Ins. Co., 107 AD3d 1448, 1449 [4th Dept 2013]).
The proposed amended complaint alleges, insofar as relevant here, a violation of 42 USC § 1983, which "impose[s] liability . . . for conduct which subjects, or causes to be subjected the complainant to a deprivation of a right secured by the Constitution and laws" (Rizzo v Goode, 423 US 362, 370-371 [1976] [internal quotation marks omitted]). "[A] plaintiff may prevail on a cause of action to recover damages pursuant to 42 USC § 1983 against a municipality where the plaintiff proves the existence of (1) an official policy or custom [on the part of a municipal defendant] that (2) caused the claimant to be subjected to (3) a denial of a constitutional right . . . For a cause of action pursuant to 42 USC § 1983 to lie against a municipality, the action that is alleged to be unconstitutional must implement or execute a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers . . . , or have occurred pursuant to a practice so permanent and well settled as to constitute a custom or usage [*2]with the force of law" (Bassett v City of Rye, 104 AD3d 889, 890-891 [2d Dept 2013] [internal quotation marks and brackets omitted]; see De Lourdes Torres v Jones, 26 NY3d 742, 762 [2016]; Pendleton v City of New York, 44 AD3d 733, 736-737 [2d Dept 2007]). The proposed amended complaint alleges the existence of an extraconstitutional municipal "stop and frisk" policy, that the police officers unlawfully searched and allegedly injured plaintiff pursuant to that policy, and that the Commissioner unofficially authorized or exhibited deliberate indifference to that policy and determined that the actions that violated plaintiff's rights were appropriate. Therefore, we conclude that the proposed amended complaint states a cause of action under 42 USC § 1983 against the City (see Smith v City of New York, 170 AD3d 499, 500 [1st Dept 2019]; see generally Matusick v Erie County Water Auth., 757 F3d 31, 62-63 [2d Cir 2014]) and against the Commissioner (see generally Hafer v Melo, 502 US 21, 25-31 [1991]). Consequently, defendants failed to show that the proposed amended complaint was palpably insufficient or patently without merit and thus Supreme Court did not abuse its discretion in granting the motion.
It is well settled that contentions that are raised for the first time in a reply brief are not properly before us (see Northwoods, L.L.C. v Hale, 201 AD3d 1357, 1358 [4th Dept 2022]; Scheer v Elam Sand & Gravel Corp., 177 AD3d 1290, 1292 [4th Dept 2019]; Turner v Canale, 15 AD3d 960, 961 [4th Dept 2005], lv denied 5 NY3d 702 [2005]). Consequently, we do not consider defendants' contentions that the motion should have been denied because the officers had reasonable suspicion to conduct a pat-down search of plaintiff to ensure officer safety, and that the allegations in the proposed amended complaint exceeded those in plaintiff's citizen complaint to the Buffalo Police Department. Finally, we have reviewed defendants' remaining
contentions and conclude that they are without merit.
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court