Cicero v O'Rourke (2022 NY Slip Op 07316)

Cicero v O'Rourke

2022 NY Slip Op 07316

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

688 CA 22-00399

[*1]LAURA CICERO, PLAINTIFF-APPELLANT,
v
PATRICIA O'ROURKE AND VERONA STREET ANIMAL SOCIETY, DEFENDANTS-RESPONDENTS. 

WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN L. HENDRICKS OF COUNSEL), FOR DEFENDANT-RESPONDENT PATRICIA O'ROURKE. 
MOLOD SPITZ & DESANTIS, NEW YORK CITY (DAVID B. OWENS OF COUNSEL), FOR DEFENDANT-RESPONDENT VERONA STREET ANIMAL SOCIETY. 

 Appeal from an order of the Supreme Court, Monroe County (Elena F. Cariola, J.), entered March 2, 2022. The order denied the motion of plaintiff for leave to amend the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained after she was bitten by a dog owned by defendant Verona Street Animal Society (Verona Street). The incident took place at the residence of defendant Patricia O'Rourke, who was providing a foster home for the dog until Verona Street could find someone to adopt him. The complaint asserts strict liability causes of action against both defendants, alleging that they knew or should have known about the dog's vicious propensities (see generally Bard v Jahnke, 6 NY3d 592, 596-597 [2006]; Collier v Zambito, 1 NY3d 444, 446-447 [2004]).
While this case was pending, the Court of Appeals decided Hewitt v Palmer Veterinary Clinic, P.C. (35 NY3d 541 [2020]), in which a woman was injured by a dog while she was in the waiting room of the defendant veterinary clinic. The Court held that the "vicious propensities notice requirement" (id. at 549), typically applicable in an action to recover for injury caused by a domestic animal, did not apply to the veterinary clinic inasmuch as that clinic's agents had "specialized knowledge relating to animal behavior and the treatment of animals who may be ill, injured, in pain, or otherwise distressed" (id. at 548). Instead, the Court applied negligence principles, explaining that veterinarians or other agents of such a practice "may—either unavoidably in the course of treatment, or otherwise—create circumstances that give rise to a substantial risk of aggressive behavior" (id.). Due to their specialized knowledge, the Court concluded, "veterinary clinics are uniquely well-equipped to anticipate and guard against the risk of aggressive animal behavior that may occur in their practices—an environment over which they have substantial control, and which potentially may be designed to mitigate this risk" (id. at 549).
Relying on Hewitt, plaintiff moved for leave to amend her complaint to assert a negligence cause of action against O'Rourke, contending that the vicious propensities notice requirement is inapplicable because O'Rourke did not own the offending dog. In the alternative, plaintiff contended that the Hewitt exception to the vicious propensities notice requirement applied because O'Rourke had specialized knowledge of dogs and substantial control over her home, where the incident took place. Supreme Court denied the motion, and we now affirm.
" 'Although leave to amend a pleading should be freely granted absent prejudice or surprise . . . , leave to amend should be denied where . . . the proposed amendment is patently lacking in merit' " (Brown v Erie Ins. Co., 207 AD3d 1144, 1146 [4th Dept 2022]; see CPLR 3025 [b]; Dionisio v Geo. De Rue Contrs., Inc., 38 AD3d 1172, 1174 [4th Dept 2007]). Here, we conclude that the court did not abuse its discretion in denying plaintiff's motion for leave to amend the complaint inasmuch as the proposed negligence cause of action against O'Rourke patently lacks merit under existing caselaw (see generally Brown, 207 AD3d at 1146).
In Bard, the Court of Appeals held that "when harm is caused by a domestic animal, its owner's liability is determined solely by application of the rule articulated in Collier" (6 NY3d at 599 [emphasis added])—"i.e., the rule of strict liability for harm caused by a domestic animal whose owner knows or should have known of the animal's vicious propensities" (Petrone v Fernandez, 12 NY3d 546, 550 [2009]; see Collier, 1 NY3d at 446—447). Although O'Rourke does not own the dog that bit plaintiff, "[a]n owner's strict liability for damages arising from the vicious propensities and vicious acts of a dog 'extends to a person who harbors the animal although not its owner' " (Matthew H. v County of Nassau, 131 AD3d 135, 144 [2d Dept 2015], quoting Molloy v Starin, 191 NY 21, 28 [1908]; see Vikki-Lynn A. v Zewin, 198 AD3d 1342, 1342 [4th Dept 2021]; Cruz v Stachowski, 142 AD3d 1326, 1328 [4th Dept 2016]). The Bard rule also extends to dog sitters (see Russell v Hunt, 158 AD3d 1184, 1185 [4th Dept 2018]).
Even assuming, arguendo, that the Bard rule did not preclude plaintiff from asserting a negligence cause of action against O'Rourke, we note that plaintiff would still have to establish in support of her negligence cause of action that O'Rourke had knowledge of the dog's alleged "vicious propensities" (Strunk v Zoltanski, 62 NY2d 572, 578 [1984]). As the Court of Appeals stated in Hewitt, "[t]he vicious propensity notice rule has been applied to animal owners who are held to a strict liability standard, as well as to certain non-pet owners—such as landlords who rent to pet owners—under a negligence standard" (35 NY3d at 548, citing Strunk, 62 NY2d at 578).
Here, plaintiff's proposed negligence cause of action against O'Rourke does not allege that O'Rourke had knowledge of the dog's vicious propensities; instead, it alleges that O'Rourke was negligent because she did not "investigate the subject dog accepted from the foster care program . . . before introducing it to her property, thereby creating a dangerous condition on the property which she had a nondelegable duty to keep reasonably safe." The proposed complaint therefore fails to state a viable negligence cause of action against O'Rourke.
Finally, we reject plaintiff's alternative contention that the exception set forth in Hewitt should apply here due to O'Rourke's alleged specialized knowledge of dogs. In our view, a volunteer dog sitter such as O'Rourke does not have the knowledge and expertise of a veterinarian, and O'Rourke's home is not analogous to a veterinary clinic (see generally Hewitt, 35 NY3d at 548-549).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court