Dersam v Ontario Ins. Co. (2025 NY Slip Op 01533)

Dersam v Ontario Ins. Co.

2025 NY Slip Op 01533

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND KEANE, JJ.

864 CA 24-00484

[*1]JOSEPH DERSAM AND LINDA DERSAM, PLAINTIFFS-APPELLANTS,
v
ONTARIO INSURANCE COMPANY, DEFENDANT-RESPONDENT. 

THE COPPOLA FIRM, BUFFALO (DAVID M. GOODMAN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
BARCLAY DAMON LLP, ROCHESTER (MARK T. WHITFORD, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered September 18, 2023. The judgment granted in part the motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying that part of defendant's motion seeking to dismiss the second cause of action insofar as it relates to the building and other structures, reinstating the second cause of action to that extent, vacating the declaration, and denying that part of defendant's motion seeking to dismiss the third cause of action and reinstating that cause of action, and as modified the judgment is affirmed without costs.
Memorandum: Plaintiffs are the owners of real property that they insured with a homeowner's policy issued by defendant, which included coverage for the building, related structures, contents, and rental income. After the property sustained extensive damage in a fire, defendant disclaimed coverage for the building and related structures based on plaintiffs' failure to submit a sworn statement in proof of loss form within 60 days of defendant's demand. Plaintiffs commenced the instant action, asserting causes of action for breach of contract, breach of the duty of good faith and fair dealing, bad faith, and a declaration that, pursuant to the policy, defendant is obligated to pay for all losses sustained by plaintiffs as a result of the fire.
Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (a) (7). Supreme Court granted the motion in part, dismissed the causes of action for breach of contract and declaratory relief insofar as they relate to plaintiffs' claim of damage to the building and other structures, declared that defendant was not obligated to provide insurance coverage for the building and other structures, and dismissed the causes of action for breach of the duty of good faith and fair dealing and for bad faith. Plaintiffs appeal.
We agree with plaintiffs that the court erred in granting that part of defendant's motion seeking to dismiss the breach of contract cause of action insofar as it relates to the building and other structures pursuant to CPLR 3211 (a) (1). "A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claims" (Baumann Realtors, Inc. v First Columbia Century-30, LLC, 113 AD3d 1091, 1092 [4th Dept 2014] [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Zahran, 100 AD3d 1549, 1550 [4th Dept 2012], lv denied 20 NY3d 861 [2013]). "The defendant bears the burden of demonstrating that the proffered evidence conclusively refutes the plaintiff's factual allegations" (Salus v Berke, 221 AD3d 1390, 1391 [3d Dept 2023] [internal quotation marks omitted]). "When an insurer gives its insured written notice of its desire that proof of loss under a policy of fire insurance be furnished and provides a suitable form for such proof, failure of the insured to file proof of loss within 60 days after [*2]receipt of such notice . . . is an absolute defense to an action on the policy, absent waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense" (Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201, 209-210 [1984]; see Insurance Law § 3407 [a]; Armstrong v United Frontier Mut. Ins. Co., 181 AD3d 1332, 1333 [4th Dept 2020]).
Here, defendant's documentary evidence included a printed copy of an email from its claims representative to plaintiff Linda Dersam that, according to defendant, included an attached blank sworn statement in proof of loss form. Defendant also submitted documents establishing that plaintiffs did not submit a sworn statement in proof of loss form within 60 days of their receipt of the email. Even assuming, arguendo, that an email may constitute documentary evidence for purposes of CPLR 3211 (a) (1) (see Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 105 n 3 [2018]; 4720 Third Ave. Hous. LLC v CA Ventures LLC, 211 AD3d 417, 418 [1st Dept 2022]; Binn v Muchnick, Golieb & Golieb, P.C., 180 AD3d 598, 598 [1st Dept 2020]; cf. Phoenix Grantor Trust v Exclusive Hospitality, LLC, 172 AD3d 923, 924-925 [2d Dept 2019]; Stone v Bloomberg L.P., 163 AD3d 1028, 1029, 1031 [2d Dept 2018]), here, the email does not conclusively establish a defense as a matter of law inasmuch as the printed copy of the email does not establish that a sworn statement in proof of loss form was actually attached to the email (see generally Bailey v Nationwide Mut. Fire Ins. Co., 133 AD2d 915, 916 [3d Dept 1987]). We therefore modify the judgment by denying that part of the motion seeking to dismiss the second cause of action insofar as it relates to the building and other structures, reinstating the second cause of action to that extent, and vacating the declaration.
Contrary to plaintiffs' contention, however, the court did not err in granting that part of defendant's motion seeking to dismiss the declaratory judgment cause of action insofar as it relates to the building and other structures inasmuch as it is "duplicative of the breach of contract cause of action" (Fitzgerald v SMS/800, Inc., 132 AD3d 1259, 1260 [4th Dept 2015]; see Upfront Megatainment, Inc. v Thiam, 215 AD3d 576, 578 [1st Dept 2023]).
Plaintiffs further contend that the court erred in granting that part of the motion seeking to dismiss pursuant to CPLR 3211 (a) (7) the third cause of action for breach of the duty of good faith and fair dealing. We agree, and we therefore further modify the judgment accordingly. "In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance" (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [2002]; see New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [1995]). "In the context of insurance contracts specifically, the implied covenant of good faith and fair dealing includes a duty on the part of the insurer to investigate in good faith and pay covered claims" (Brown v Erie Ins. Co., 207 AD3d 1144, 1145 [4th Dept 2022] [internal quotation marks omitted]). The insurer "must not manufacture factually incorrect reasons to deny insurance coverage, must not deviate from its own practices or from industry practices, and must not act with 'gross disregard' of the insured's interests" (East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 199 AD3d 881, 884 [2d Dept 2021] [internal quotation marks omitted]). "Even if a party is not in breach of its express contractual obligations, it may be in breach of the implied duty of good faith and fair dealing when it exercises a contractual right as part of a scheme to . . . deprive the other party of the fruit or benefit of its bargain" (Brown, 207 AD3d at 1145 [internal quotation marks omitted]). In the context of a cause of action for breach of the duty of good faith and fair dealing, in order to establish a prima facie case that an insurer acted in bad faith, "the plaintiff must establish that the insurer's conduct constituted a 'gross disregard' of the insured's interests—that is, a deliberate or reckless failure to place on equal footing the interests of the insured with the insurer's own interests" (id.).
Here, in the complaint, plaintiffs allege that defendant failed to pay the minimum sum that it had determined plaintiffs are owed under the policy, that defendant unreasonably refused to extend plaintiffs' time to submit the sworn statement in proof of loss, and that defendant handled plaintiffs' claim with respect to the building differently than it handled plaintiffs' claim with respect to the contents of the building. In addition, we may consider affidavits submitted in opposition to the motion to remedy any defects in the complaint (see Divito v Fiandach, 160 AD3d 1356, 1357 [4th Dept 2018]), including the affidavit of Linda Dersam, who averred that it was unfair of defendant to reject her request for additional time to complete the form that defendant failed to provide to her, and the affidavit of plaintiffs' adjuster, who averred that defendant deviated from industry practices when handling plaintiffs' claim. Accepting the facts [*3]as alleged in the complaint as true, as we must on a motion to dismiss pursuant to CPLR 3211 (a) (7) (see Eccles v Shamrock Capital Advisors, LLC, 42 NY3d 321, 342 [2024]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we conclude that plaintiffs stated a cause of action for a breach of the duty of good faith and fair dealing (see East Ramapo Cent. Sch. Dist., 199 AD3d at 885).
Finally, we reject plaintiffs' contention that the court erred in granting the motion with respect to the cause of action for bad faith. " '[T]here is no separate cause of action in tort for an insurer's bad faith failure to perform its obligations' under an insurance contract" (Zawahir v Berkshire Life Ins. Co., 22 AD3d 841, 842 [2d Dept 2005]; see Morales v Arrowood Indem. Co., 203 AD3d 1603, 1606 [4th Dept 2022]). Further, plaintiffs "failed to allege or demonstrate 'the creation of a relationship or duty between [themselves] and [defendant] separate from [the] contractual obligation; therefore, no independent tort claim lies' " (Morales, 203 AD3d at 1606).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court