Capicotto v Western N.Y. Med. Mgt., LLC (2026 NY Slip Op 01647)

Capicotto v Western N.Y. Med. Mgt., LLC

2026 NY Slip Op 01647

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, NOWAK, AND HANNAH, JJ.

60 CA 25-00076

[*1]WILLIAM N. CAPICOTTO, M.D., AND WILLIAM CAPICOTTO, M.D., P.C., PLAINTIFFS-APPELLANTS,
vWESTERN NEW YORK MEDICAL MANAGEMENT, LLC, JOSEPH E. SERGHANY, M.D., CAMERON B. HUCKELL, M.D., FRANK MASCARO, M.D., AND ROMANTH WAGHMARAE, M.D., DEFENDANTS-RESPONDENTS. (APPEAL NO. 2.) 

SCHRODER, JOSEPH & ASSOCIATES, LLP, BUFFALO (LINDA H. JOSEPH OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
HURWITZ FINE P.C., BUFFALO (AMBER E. STORR OF COUNSEL), FOR DEFENDANT-RESPONDENT WESTERN NEW YORK MEDICAL MANAGEMENT, LLC. 
CONNORS LLP, BUFFALO (RANDALL D. WHITE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS JOSEPH E. SERGHANY, M.D., CAMERON B. HUCKELL, M.D., FRANK MASCARO, M.D., AND ROMANTH WAGHMARAE, M.D.. 

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered January 2, 2025. The order, among other things, denied plaintiffs' cross-motion for leave to file a second amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs, William N. Capicotto, M.D. (Capicotto) and his professional corporation, William Capicotto, M.D., P.C. (Capicotto P.C.), commenced this action seeking to recover damages arising from a business dispute among individual members of defendant Western New York Medical Management, LLC (WNYMM), for which Capicotto had been both a board member and managing director. Plaintiffs asserted four causes of action. WNYMM moved pursuant to CPLR 3211 to dismiss the first and fourth causes of action against it and to dismiss the second and third causes of action against it insofar as asserted by Capicotto individually. Defendants Joseph E. Serghany, M.D., Cameron B. Huckell, M.D., Frank Mascaro, M.D., and Romanth Waghmarae, M.D. (collectively, individual defendants) also moved pursuant to CPLR 3211 to dismiss the first and fourth causes of action against them and to dismiss the second and third causes of action against them insofar as asserted by Capicotto individually. Plaintiffs cross-moved for leave to serve a second amended complaint. Supreme Court granted the WNYMM motion except insofar as it sought dismissal of the first cause of action against WNYMM as asserted by Capicotto, granted the motion of the individual defendants in its entirety, and denied the cross-motion. Plaintiffs appeal, and we affirm.
Initially, we note that in opposition to that part of the individual defendants' motion seeking dismissal of the first cause of action for quantum meruit asserted against them by Capicotto P.C., plaintiffs claimed that the first cause of action was asserted "only against the corporate defendant, WNYMM, and not against the [i]ndividual [d]efendants." Thus, to the extent that plaintiffs now contend that Capicotto P.C. is entitled to reinstatement of its claim against the individual defendants, that contention is not properly before us inasmuch as it is raised for the first time on appeal (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept [*2]1994]).
We reject plaintiffs' contention that the court erred in granting that part of WNYMM's motion with respect to Capicotto P.C.'s quantum meruit claim against it. The elements of a claim for quantum meruit are "the performance of services in good faith, the acceptance of the services by the party for whom they were rendered, the expectation of compensation for those services, and a statement of the reasonable value of the services" (Pulver Roofing Co., Inc. v SBLM Architects, P.C., 65 AD3d 826, 827 [4th Dept 2009]). "Under the theory of quantum meruit, if the services were performed at the behest of someone other than the defendant, the plaintiff must look to that party for recovery" (TV Tech Mgrs., Inc. v Cohen, 227 AD3d 838, 841 [2d Dept 2024] [internal quotation marks omitted]; see Jeffrey's Auto Body, Inc. v Allstate Ins. Co., 125 AD3d 1342, 1343 [4th Dept 2015]). Here, plaintiffs did not allege that the WNYMM Board of Managers authorized Capicotto P.C. to perform services for WNYMM as required by the operating agreement, nor did they allege any other basis for Capicotto P.C. to have had an expectation of compensation. Plaintiffs thus failed to state a cause of action for quantum meruit on behalf of Capicotto P.C. (see Jeffrey's Auto Body, Inc., 125 AD3d at 1343).
Contrary to plaintiffs' contention, the court properly granted those parts of the motions with respect to Capicotto's individual claims for breach of fiduciary duty and fraud under the second and third causes of action. Inasmuch as those claims are derivative in nature, they cannot be maintained by Capicotto individually (see Abrams v Donati, 66 NY2d 951, 953-954 [1985], rearg denied 67 NY2d 758 [1986]).
Contrary to plaintiffs' further contention, the court properly granted those parts of the motions with respect to the fourth cause of action, for breach of fiduciary duty in removing Capicotto from the WNYMM Board of Managers. Limited Liability Company Law § 414 provides that "[e]xcept as provided in the operating agreement, any or all managers of a limited liability company may be removed or replaced with or without cause by a vote of a majority in interest of the members entitled to vote thereon." Section 5.13 of the WNYMM operating agreement provides that "[a] member of the Board of Managers shall be removed or replaced automatically and without further action in the event the member of the Board of Managers is no longer a Member, or by vote of two-thirds (2/3) of the Board of Managers." We conclude that the removal of Capicotto from the Board of Managers cannot be "deemed a breach of fiduciary duty given a formal written agreement covering the precise subject matter of the alleged fiduciary duty" (Pane v Citibank, N.A., 19 AD3d 278, 279 [1st Dept 2005]; see generally Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]).
We further conclude that the court did not abuse its discretion in denying plaintiffs' cross-motion. "[T]he decision whether to grant leave to amend pleadings rests within the court's sound discretion and will not be disturbed absent a clear abuse of that discretion" (Sherman v St. Elizabeth Med. Ctr., 145 AD3d 1461, 1462 [4th Dept 2016] [internal quotation marks omitted]; see Fika Midwifery PLLC v Independent Health Assn., Inc., 208 AD3d 1052, 1058 [4th Dept 2022]). "Although leave to amend a pleading should be freely granted (see CPLR 3025 [b]), it may be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (Christian v Brookdale Senior Living Communities, Inc., 199 AD3d 1450, 1451 [4th Dept 2021] [internal quotation marks omitted]).
A proposed amended pleading is palpably insufficient or patently devoid of merit where it "fail[s] to cure any of the defects that warranted dismissal of the amended complaint" (Singh v T-Mobile, 232 AD3d 662, 667 [2d Dept 2024]). Here the proposed second amended complaint is virtually identical to the amended complaint. The only substantive addition is a cause of action for unjust enrichment based on the same transactions or occurrences set forth in the amended complaint. However, "unjust enrichment is not a catchall cause of action to be used when others fail" (Town of Amherst v Brewster Mews Hous. Co., Inc., 133 AD3d 1317, 1318-1319 [4th Dept 2015] [internal quotation marks omitted]). Indeed, "[a]n unjust enrichment claim is not available where[, as here,] it simply duplicates, or replaces, a conventional contract or tort claim" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012], rearg denied 19 NY3d 937 [2012]), and a plaintiff may not assert an unjust enrichment cause of action as a substitute for other forms of relief (see Brewster Mews Hous. Co., Inc., 133 AD3d at 1319).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court