Thurston v Howard
2026 NY Slip Op 04082
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

CHRISTOPHER F. THURSTON, PLAINTIFF-RESPONDENT,
v
TIMOTHY B. HOWARD, IN HIS OFFICIAL CAPACITY AS SHERIFF OF ERIE COUNTY, OFFICE OF ERIE COUNTY SHERIFF, COUNTY OF ERIE, AND DEPUTY KENT, DEFENDANTS-APPELLANTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
391 CA 25-00146
Present: Whalen, P.J., Bannister, Montour, Nowak, And Hannah, JJ.

LIPPES MATHIAS LLP, BUFFALO (KIRSTIE A. MEANS OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

Appeal from a judgment of the Supreme Court, Erie County (Amy C. Martoche, J.), entered December 10, 2024. The judgment awarded plaintiff money damages against defendants.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the bus in which he was riding as a passenger struck a police vehicle driven by an on-duty police officer, defendant Deputy Kent. At the time of the collision, Kent had initiated a U-turn in order to pursue a vehicle that did not have its taillights illuminated. Kent began the U-turn by pulling into the lane of travel of the bus, but he was unable to complete the U-turn and stopped his vehicle in the middle of the lane, where it was struck by the oncoming bus. Following the presentation of evidence, Supreme Court directed a verdict in favor of plaintiff on the issue of Kent's negligence. The jury awarded plaintiff the sums of, inter alia, $60,000 for past pain and suffering, $148,000 for past lost wages, $500,000 for future pain and suffering and $200,000 for future lost wages. Defendants moved pursuant to CPLR 4404 (a) to set aside the verdict and order a new trial on the ground that, inter alia, the reckless disregard standard of Vehicle and Traffic Law § 1104 was the applicable standard of care. In the alternative, defendants sought, as relevant on appeal, to set aside the verdict with respect to the awards for past and future lost earnings on the basis they were not supported by legally sufficient evidence, were excessive, or were against the weight of the evidence and to reduce the award for future pain and suffering as excessive or against the weight of the evidence. The court denied defendants' motion, and a judgment was entered in favor of plaintiff. Defendants appeal from the judgment, and we affirm.
Defendants contend that the court erred in failing to apply the reckless disregard standard of Vehicle and Traffic Law § 1104. We reject that contention. Although defendants argued prior to trial that Kent was engaged in an "emergency operation" at the time of the collision and that the reckless disregard standard of section 1104 applied to Kent's conduct, the court precluded defendants' reliance on the reckless disregard standard as a sanction for defendants' violation of a subpoena duces tecum seeking items bearing on the possible relevance of section 1104. Defendants' contention that the court abused its discretion by imposing a sanction that was disproportionate to the disclosure violation is raised for the first time in defendants' reply brief and thus is not properly before this Court (see Brooks v City of Buffalo, 209 AD3d 1270, 1272 [4th Dept 2022]).
Contrary to defendants' further contention, the court did not err in granting a directed verdict on the issue of Kent's negligence. "[A] directed verdict is appropriate where the . . . court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (Bolin v Goodman, 160 AD3d 1350, 1351 [4th Dept 2018] [internal quotation marks omitted]; see A & M Global Mgt. Corp. v Northtown Urology Assoc., P.C., 115 AD3d 1283, 1287 [4th Dept 2014]). In determining whether to grant such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Senycia v Vosseler, 217 AD3d 1520, 1521 [4th Dept 2023] [internal quotation marks omitted]). Here, viewing the evidence in the light most favorable to defendants and according them every favorable inference which may properly be drawn from the facts presented, we conclude that there is no valid line of reasoning and permissible inferences which could lead rational individuals to the conclusion that Kent was not negligent.
We reject defendants' contention that the court erred in precluding them from impeaching plaintiff with evidence of his criminal history. "[W]hile a civil litigant is granted broad authority to use the criminal convictions of a witness to impeach the credibility of that witness, the nature and extent of cross- examination, including with respect to criminal convictions, remains firmly within the discretion of the trial court" (Ubiles v Halliwell-Kemp, 167 AD3d 1511, 1511-1512 [4th Dept 2018] [internal quotation marks omitted]; see CPLR 4513; Tornatore v Cohen, 162 AD3d 1503, 1504 [4th Dept 2018]). Here, we conclude that the court did not abuse its discretion in precluding defendants from impeaching plaintiff with three prior convictions inasmuch as two of the convictions were too remote (see Ubiles, 167 AD3d at 1512) and it would have been more prejudicial than probative to allow cross-examination on any of the convictions (see generally Siemucha v Garrison, 111 AD3d 1398, 1400 [4th Dept 2013]).
We reject defendants' contention that the award for past and future lost earnings should be set aside as excessive and not supported by the evidence. It is plaintiff's burden to establish damages for past and future lost earnings "with reasonable certainty" (Karwacki v Astoria Med. Anesthesia Assoc., P.C., 23 AD3d 438, 439 [2d Dept 2005]; see Huff v Rodriguez, 45 AD3d 1430, 1433 [4th Dept 2007]). "Recovery for lost earning capacity is not limited to a plaintiff's actual earnings before the accident . . . and the assessment of damages may instead be based on future probabilities" (Huff, 45 AD3d at 1433 [internal quotation marks omitted]). Moreover, "[i]n evaluating whether the jury award is excessive, [this Court] considers whether the verdict deviates materially from what is considered reasonable compensation" (Grasha v Town of Amherst, 191 AD3d 1286, 1287 [4th Dept 2021], lv denied 37 NY3d 906 [2021]; see CPLR 5501 [c]). Here, we conclude that the award for past and future lost earnings is supported by plaintiff's testimony together with his employment records, which provide a "valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; cf. Shubbuck v Conners, 15 NY3d 871, 872 [2010]). We further conclude that the award does not deviate materially from reasonable compensation.
We also reject defendants' contention that the award for future pain and suffering is excessive. In view of the evidence concerning the nature and consequences of plaintiff's injuries, we conclude that the amount of damages awarded does not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]; Grasha, 191 AD3d at 1287; Strangio v New York Power Auth. [appeal No. 2], 275 AD2d 945, 946 [4th Dept 2000]).
Finally, we have reviewed defendants' contentions that the awards for past and future lost earnings and future pain and suffering are against the weight of the evidence, and we conclude that they are without merit.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court